Erin L. Brinkman (SBN 289967)
Unite the People
3003 W. Olympic Blvd Ste. 1031
Los Angeles, CA 90006
Telephone: (888) 245-9393
E-mail: erin@unitethepeople.org
*Attorney for Plaintiffs and the Proposed Class*

United States District Court
for the Northern District of California
San Francisco Division

**Amitabho Chattopadhyay,
Unite the People,**
   individually and on behalf
   of all others similarly situated,
      **Plaintiffs,**

   v.

**BBVA Compass Bancshares, Inc.,
Simple Finance Technology Corp.,**
   **a/k/a Simple Bank,**
**BBVA Compass Financial Corporation,
Compass Bank,**
      **Defendants.**

Case No. _____

**Complaint for Damages**
1. Civil Rights Act of 1866 (42 U.S.C. § 1981)
2. Unruh Act (Cal. Civ. Code §§ 51, 51.5 & 52 *et. seq.*)

**Class Action**

**Jury Trial Demanded**

### Introduction

1.  This complaint is brought by Plaintiffs Amitabho Chattopadhyay, individually and on the behalf of all others similarly situated, and Unite the People, (collectively, 'Plaintiffs'), through their attorneys against Defendants BBVA Compass Bancshares, Inc., Compass Bank, BBVA Compass Financial Corporation and Simple Finance Technology Corp. (collectively, "Defendants"), for violations of the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981 and the Unruh Civil Rights Act, codified at section 51 *et seq.* of the California Civil Code.

2.  Defendants have a stated policy of refusing to allow non-citizen aliens to open a checking account with their 'Simple Bank' service on the basis of their citizenship and/or

1

immigration status. Their policy of doing so is arbitrary, discriminatory and violates 42 U.S.C. § 1981 and Cal. Civ. Code. §§ 51, 51.5 & 52.

**PARTIES**

3. Plaintiff Chattopadhyay is the plaintiff in this case, a native and citizen of the Republic of Singapore and an alien lawfully admitted for permanent residence. She has been issued a valid social security number by the Social Security Administration.

4. Plaintiff Unite the People is a non-profit social justice organization with members throughout the state of California, and files this action individually. Unite the People advocates for the rights of non-citizens present in the United States and provides referral services to both low-income non-citizens and citizens and extensive case management, administrative and paralegal services to public interest attorneys serving non-citizens and citizens at affordable rates.

5. On information and belief, Defendant BBVA Compass Bancshares, doing business under the name 'Simple', is a Texas corporation operating in the State of California under the trade name BBVA Compass, where it operates substantial business within the state of California, including both an online presence and physical branches.

6. On information and belief, Defendant Compass Bank, doing business under the name 'Simple', is an Alabama corporation operating in the State of California under the trade name BBVA Compass, where it operates substantial business within the state of California, including both an online presence and physical branches.

7. On information and belief, Defendant BBVA Compass Financial Corporation, doing business under the name 'Simple', is an Alabama corporation operating in the State of California under the trade name BBVA Compass, where it operates substantial business within the state of California, including both an online presence and physical branches.

8. On information and belief, Defendant Simple Finance Technology Corp. (hereinafter 'Simple') is an Oregon corporation operating in the State of California and a subsidiary of Compass Bank, or, in the alternative and/or in addition to, BBVA Compass Bancshares, or, in the alternative and/or in addition to, BBVA Compass Financial Corporation.

Simple habitually operates in the state of California. A significant portion of its clientele is located in California and its business is targeted towards California.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' section 1981 claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Further, this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C.§ 1332 *et. seq.*

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. This court has personal jurisdiction over each and every defendant named herein because they do business in the State of California.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants conduct business within this district.

13. Pursuant to N.D. Cal. Local Rules 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the events which give rise to the claims asserted herein occurred in Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or Sonoma counties.

## FACTUAL BACKGROUND

14. On October 13, 2018, Plaintiff Chattopadhyay, drawn to the 2.02% checking accounts which Defendants offered, attempted to sign up for an account with Simple using the username 'amitabho'. After answering questions soliciting her personal information, her contact information and her intent in obtaining the account, she was brought to a screen titled 'Let's verify your identity', soliciting her date of birth and social security number and asking "are you a U.S. citizen" and "are you a PEP (politically exposed person)". After filling in the rest of the form, she clicked 'no' in response to "are you a U.S. citizen". A red-rimmed notice with an exclamation mark popped up reading "Sorry, at this time we can only accept US citizens." The 'verify' button

1 which would have allowed her to carry on in making her account remained inaccessible.

2     15.    Plaintiff Chattopadhyay attempted to sign up two more times over the next few months. The same result occurred each time.

    16.    Originally, Simple opened accounts for non-citizens. However, when Compass Bank, or, in the alternative and/or in addition to, BBVA Compass Bancshares, or, in the alternative and/or in addition to, BBVA Compass Financial Corporation, acquired it in 2017, the companies, acting in tandem, closed all accounts belonging to non-citizens, including permanent residents. Upon merger, the corporations effectively acted as one entity, and a unity of interest existed between the corporations such that any individuality and separation between Simple and Compass Bank have ceased, and Simple is an alter ego of Compass Bank or, in the alternative and/or in addition to, BBVA Compass Bancshares, or, in the alternative and/or in addition to, BBVA Compass Financial Corporation: a brand and technological interface through which Compass Bank or, in the alternative and/or in addition to, BBVA Compass Bancshares, or, in the alternative and/or in addition to, BBVA Compass Financial Corporation markets a subset of its banking services.

    17.    In the alternative, Simple conspired with Compass Bank or, in the alternative and/or in addition to, BBVA Compass Bancshares, or, in the alternative and/or in addition to, BBVA Compass Financial Corporation, to deny its services to aliens in that it provided the web interface which automatically rejects non-citizen applicants on the basis of their immigration status, intending that its interface be used to discriminate against residents of California on the basis of their citizenship and immigration status, and further refuses to issue its Simple Visa Card and denies the full use of its Simple iOS and Android applications, as well as the rest of its web interface, to aliens.

    18.    On September 28, 2018, Defendants publicly stated that the Department of the Treasury had promulgated certain regulations in May 2016 implementing the Bank Secrecy Act which required them to discriminate against legal permanent residents. This is in reference to 81 FR 29397, Customer Due Diligence Requirements for Financial Institutions. No requirements

were imposed by the Treasury's issuance of that rule which distinguished citizens of the United States and citizens of any other country in any immigration status in any way. To the extent which the Treasury's regulations may in any way do so, they distinguish only between people who have Social Security Numbers and those who do not.

19. Moreover, no other bank has a policy barring permanent residents from opening bank accounts with them. Rather, no documentation is generally required besides questions about whether a person is a U.S. citizen or permanent resident and their social security number.

20. As such, this justification was a pretext for their intent to discriminate against non-citizens.

## CLASS ACTION ALLEGATIONS

21. Plaintiff Chattopadhyay brings her class allegations under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of two classes, each consisting of all non-United States citizens who resided in the United States at the relevant time they applied or attempted to apply for a bank account with Simple Bank or was deterred from applying for an account with Simple Bank or who had an account with Simple Bank that was terminated, who applied or attempted to apply for a bank account with Simple Bank or was deterred from applying for an account with Simple Bank or who had an account with Simple Bank that was terminated and who had a valid Social Security Number ("Covered Non-Citizens") from March 25, 2016 through the date of final judgment in this action ("Covered Period"), defined as follows:

   21.1. All Covered Non-Citizens who resided in California during the Covered Period (the "California Class");

   21.2. All Covered Non-Citizens during the Covered Period (the "Out-of-State Class").

22. Plaintiff Chattopadhyay is part of each of the above classes.

23. Upon information and belief, Class Members in each of the classes are so numerous that joinder of all of them is impracticable. In February 2017, Defendants claimed that they were obtaining "30,000 new accounts per month", starting from a baseline of about a

hundred thousand. Over 44.5 million aliens are present in the United States, which constitute a significant proportion of the population of this country. As such, Plaintiffs believe that there are hundreds of thousands of Class Members in each of the classes. Plaintiffs do not know the precise number of Class Members in each class as this information is in Defendants' possession.

24. There are questions of law and fact common to the classes, and these questions predominate over any questions affecting only individual members. The common questions include, but are not limited to, (1) whether Defendants' stated policies which exclude Class Members outright from opening a bank account with Defendants on the basis of their alienage or immigration status (the "Policies") deprives Class Members of the right to contract in violation of Section 1981; (2) whether Defendants' application of the Policies deprive Class Members of their rights under the Unruh Civil Rights Act; (3) whether Class Members are harmed by Defendants' application of the Policies; (4) whether Class Members are entitled to compensatory damages; (5) if compensatory damages are warranted, whether Class Members are entitled to, at most, damages of no less than $4,000 for each failed attempt to sign up for a bank account with Defendants; (6) whether Class Members are entitled to punitive damages; (7) what equitable and injunctive relief for each of the classes is warranted; and (8) the scope of a resulting permanent injunction.

25. Plaintiffs' claims are typical of the claims of the Class Members in each of the classes: (1) Plaintiffs were within the jurisdiction of the United States and had a social security number; (2) Plaintiffs applied, attempted to apply, or were barred or deterred from applying for a bank account with Defendants; and (3) Plaintiffs did not receive a bank account from Defendants because of their alienage or immigration status. Each of these claims is substantially shared by every Class Member in each of the Classes. Each of the claims arises from the same course of conduct by Defendants, and the relief sought is common.

26. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members in each of the classes. Plaintiffs have no conflict with any Class Member. Plaintiffs are committed to the goal of having change Defendants change their business practices to

stop discriminating against Plaintiffs and other non-citizens who possess valid social security numbers.

27. Plaintiffs have retained counsel sufficiently competent in civil rights and class action matters, with extensive defense-side experience in complex class action matters - including Unruh Act claims - to represent the Class Members adequately in this action.

28. The amount of Class Members is ascertainable through Defendants' records, particularly through its digital logs of incomplete applications for bank accounts with Simple, and therefore each of the proposed classes is ascertainable.

29. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to each of the classes, making declaratory and injunctive relief and statutory damages appropriate with respect to the Class Members as a whole. Defendants exclude Class Members in each of the classes outright from obtaining a bank account due to alienage or immigration status. The Class Members in each of the classes are entitled to injunctive relief to end Defendants' common, unfair, and discriminatory policies and other make-whole relief.

30. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class Members in each of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. The Class Members have been damaged and are entitled to recovery because of Defendants' common, unfair, and discriminatory policies. Damages are capable of measurement on a classwide basis. The propriety and amount of punitive damages are based solely on Defendants' conduct, making these issues common each of the two classes. The Class Members will rely on common evidence to resolve their legal and factual questions, including applicable policies in the relevant period. There are no pending actions raising similar claims. Plaintiffs engage in continuous, permanent, and substantial activity in California. There will be no undue difficulty in the management of this litigation as a class action.

## FIRST CAUSE OF ACTION

**Alienage Discrimination** (42 U.S.C. §1981)

31. Plaintiffs incorporate into this cause of action each and every allegation contained in this complaint by reference as if it were set out entirely herein.

32. Plaintiff Chattopadhyay brings this claim on her own behalf and on behalf of both the California Class and the Out-of-State Class.

33. Plaintiff Unite the People brings this claim on its behalf.

34. Plaintiffs are persons within the jurisdiction of the United States.

35. Plaintiff Chattopadhyay is an alien.

36. Plaintiffs have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

37. Defendants intentionally discriminated against Plaintiffs and the Class Members in each of the classes because of alienage by denying them the opportunity to contract to open a bank account with them, by terminating their accounts or by deterring them from applying for a bank account in the first place.

38. Defendants' intentional discrimination against Plaintiffs and the Class Members in each of the classes interfered with their right to make and enforce contracts to obtain and maintain a bank account.

39. Defendants' policies of refusing to create bank accounts and terminating bank accounts based on the Class Members' alienage harmed them and constitutes unlawful alienage discrimination in the making and enforcing of contracts in violation of 42 U.S.C. § 1981. Plaintiff Unite the People has also been harmed, as it has been forced to divert resources from its primary advocacy and other projects in order to assist its members who are adversely affected by their inability to obtain and maintain banking services with Defendants.

40. Plaintiffs and the Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiffs and the Class Members they seek

to represent are now suffering, and will continue to suffer, irreparable injury from Defendants' discriminatory acts and omissions.

41. Defendants' conduct has caused, and continues to cause, Plaintiff Chattopadhyay and the Class Members substantial losses in interest which should have accrued on their bank balances. The defendants' intentional discrimination interfered with Class Members' right to full and equal services and their right to make and enforce contracts for financial products. Their policy and practice of doing so caused Plaintiffs and the Class Members to be unable to access their 2.02% APY checking account service.

## Second Cause of Action

**Violation of the Unruh Act** (Civ. Code §§ 51, 51.5 and 52 *et seq.*)

42. Plaintiffs incorporate into this cause of action each and every allegation contained in this complaint by reference as if it were set out entirely herein.

43. Plaintiff Chattopadhyay brings this claim on her own behalf and on behalf of each member of the California Class.

44. Plaintiff Unite the People brings this claim on its behalf.

45. Plaintiffs are persons within the jurisdiction of the United States.

46. Plaintiff Chattopadhyay is an alien, a legal permanent resident of the United States and a native and citizen of the Republic of Singapore.

47. Plaintiffs have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

48. Plaintiff Chattopadhyay is entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status and no business establishment of any kind whatsoever may refuse to contract with Plaintiffs because of their immigration status.

49. Defendants intentionally discriminated against Plaintiffs and the Class Members in each of the classes because of alienage, immigration status and/or nationality by denying them the opportunity to contract to open a bank account with them, by terminating their accounts or

by deterring them from applying for a bank account in the first place, because they were not U.S. citizens. Each ground is pled collectively and in the alternative.

50. Defendants' intentional discrimination against Plaintiff Chattopadhyay and the Class Members in each of the classes interfered with their right to full and equal services and their right to make and enforce contracts for a bank account.

51. Defendants' policies of refusing to create bank accounts and terminating bank accounts based on the Class Members' alienage harmed them and constitutes unlawful alienage discrimination in the making and enforcing of contracts in violation of the Unruh Act. Plaintiff Unite the People has also been harmed, as it has been forced to divert resources from its primary advocacy and other projects in order to assist its members who are adversely affected by their inability to obtain and maintain banking services with Defendants.

52. Plaintiffs and the Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiffs and the Class Members they seek to represent are now suffering, and will continue to suffer, irreparable injury from Defendants' discriminatory acts and omissions.

53. Defendants' conduct has caused, and continues to cause, Plaintiff Chattopadhyay and the Class Members substantial losses in interest which should have accrued on their bank balances. The defendants' intentional discrimination interfered with their right to full and equal services and their right to make and enforce contracts for financial products. Their policy and practice of doing so caused Plaintiffs and the Class Members to be unable to access their 2.02% APY checking account service.

54. Pursuant to Civ. Code § 52 subd. (a), Plaintiff Chattopadhyay and the Class Members are entitled to the actual damages suffered, treble actual damages but no less than $4,000, and attorney's fees. Pursuant to Civ. Code § 52 subd. (c) of the Unruh Civil Rights Act, Plaintiff Chattopadhyay and the Class Members in the California Class are also entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future

damages, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

**PRAYER FOR JUDGMENT**

WHEREFORE, Plaintiffs and the Class Members for each class pray judgment against each and every defendant as follows:

1. Certification of the case as a class action on behalf of the proposed Class Members in both the California Class and Out-of-State Class.
2. Designation of Plaintiff Chattopadhyay as representative of both the California Class and Out-of-State Class.
3. Designation of Plaintiffs' counsel of record as Class Counsel.
4. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981 and sections 51 subd. (b) and 51.5 of the Unruh Civil Rights Act.
5. A preliminary and permanent injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs and usages set forth herein.
6. For general and special damages according to proof.
7. For treble and statutory damages to the extent allowed by law.
8. For exemplary and punitive damages according to proof.
9. For injunctive relief.
10. For reasonable attorney's fees.
11. For costs of suit.
12. For pre- and post-judgment interest as provided by law.
13. For such other and further relief as the Court deems just and appropriate.

Dated: March 25, 2019          Respectfully submitted,
                               /s/Erin L. Brinkman

**UNITE THE PEOPLE**

Erin L. Brinkman (SBN 289967)
3003 W. Olympic Blvd Ste. 1031
Los Angeles, CA 90006
Telephone: (888) 245-9393
erin@unitethepeople.org

**Attorneys for Plaintiffs
and the Proposed Class**