Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
greg.korman@kattenlaw.com
Andrew J. Demko (CA 247320)
andrew.demko@kattenlaw.com
Charlotte S. Wasserstein (CA 279442)
charlotte.wasserstein@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East
Los Angeles, CA 90067-3012
Telephone:    310.788.4400
Facsimile:    310.788.4471

Attorneys for Defendants BBVA Compass
Bancshares, Inc., Simple Finance Technology
Corp., BBVA Compass Financial
Corporation, and Compass Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, UNITE THE PEOPLE, individually and on behalf of all other similarly situated,<br><br><br>Plaintiffs,<br><br>v.<br><br>BBVA COMPASS  BANCSHARES, INC., SIMPLE FINANCE TECHNOLOGY CORP., BBVA COMPASS FINANCIAL CORPORATION, and COMPASS BANK,<br><br>Defendants. | Case No. 3:19-cv-01541-JST<br><br>The Honorable Jon S. Tigar<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: March 25, 2019<br><br>Date:          August 1, 2019<br>Time:         2:00 p.m.<br>Place:        Courtroom 9 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 1, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the above-named court, located at 450 Golden Gate Avenue, Courtroom 9 – 19th Floor, San Francisco, California, 94102, the Honorable Jon S. Tigar presiding, defendants BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Corporation, and Compass Bank ("Defendants"), will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing the claims in the Complaint brought by plaintiff Unite the People. Defendants bring this Motion on the grounds that plaintiff Unite the People lacks Article III standing.

Defendants request an order dismissing plaintiff Unite the People, and all claims asserted by Unite the People, for lack of standing.

This Notice of Motion and Motion are based on the Memorandum of Points and Authorities, the Complaint, the concurrently-filed Declaration of Gregory S. Korman, any argument of counsel the Court may entertain at the hearing on this motion, and all matters of which the Court may take judicial notice.


Dated:   May 24, 2019                         **KATTEN MUCHIN ROSENMAN LLP**


By: _____/s/ Gregory S. Korman_____

Attorneys for Defendants BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Corporation, and Compass Bank

# TABLE OF CONTENTS

I.     ISSUES TO BE DECIDED ................................................................ 1

II.    INTRODUCTION ........................................................................... 1

III.   JURISDICTIONAL FACTS AND ALLEGATIONS ........................................ 2

IV.   LEGAL STANDARD.................................................................... 4

V.    THE CLAIMS BROUGHT BY UNITE THE PEOPLE SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING ................................. 4

     A.    Unite the People Suffered No Injury in Fact from Defendants' Alleged Discrimination against Chattopadhyay .................... 4

          1.    Chattopadhyay's claims of online banking discrimination do not touch upon, much less frustrate, Unite the People's organizational mission of criminal justice reform ............................. 5

          2.    Unite the People did not actually divert any resources other than filing this lawsuit, which cannot confer standing as a matter of law .......... 6

     B.    Unite the People Lacks Statutory Standing under California's Unruh Act ............ 7

VI.   CONCLUSION............................................................................ 8

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     ISSUES TO BE DECIDED**

    1.     Whether plaintiff Unite the People lacks Article III standing; and

    2.     Whether plaintiff Unite the People lacks statutory standing to assert a claim under California's Unruh Civil Rights Act ("Unruh Act").

**II.    INTRODUCTION**

    Plaintiffs Amitabho Chattopadhyay and Unite the People (collectively, "Plaintiffs") filed this putative class action against Simple Finance Technology Corp. ("Simple"), BBVA Compass Bancshares, Inc., BBVA Compass Financial Corporation, and Compass Bank ("Compass") (collectively, "Defendants"). Plaintiffs allege Chattopadhyay tried to apply for a bank account from Simple, an online-only banking platform, and that Simple denied her application because she was not a U.S. citizen. Based on these allegations, Plaintiffs assert claims for alienage discrimination in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981) and the Unruh Act (Cal. Civ. Code §§ 51, 51.5, & 52 *et seq.*).

    Unite the People should not be a plaintiff. Unlike Chattopadhyay, who alleges she applied for a bank account, Unite the People seems to have done nothing except file this lawsuit. It did not apply for a bank account and had no contact with Defendants. Its only discernable connection to this case is that Chattopadhyay and her counsel work there. But that does not make Unite the People a proper plaintiff. As a result, Defendants move to dismiss the claims by Unite the People because there is no live controversy between it and Defendants. The Court, therefore, lacks Article III jurisdiction.

    Plaintiffs attempt to plead the requisite injury-in-fact by alleging that Unite the People "has been forced to divert resources . . . in order to assist its members who are adversely affected by their inability to obtain and maintain banking services." But that conclusory attempt at "organizational" standing fails because merely filing a lawsuit is not a valid injury-in-fact and, moreover, allegedly discriminatory online banking practices do not frustrate—and have nothing do with—Unite the People's organizational mission of criminal justice reform.

1  Chattopadhyay has Article III standing, but her lawyer's employer does not. This

2  Court should dismiss Unite the People and all claims asserted by it.

3  **III.   JURISDICTIONAL FACTS AND ALLEGATIONS**

4  Chattopadhyay is a citizen of the Republic of Singapore and a permanent resident

5  alien. Complaint ("Compl.") ¶ 3.

6  The Complaint's allegations about Unite the People are generic, claiming it to be a

7  non-profit social justice organization that advocates for the rights of non-citizens present in

8  the United States, provides referral services to low-income non-citizens and citizens, and

9  offers case management and other services to public interest attorneys serving non-citizens

10  and citizens. Compl. ¶¶ 3–4. Its website is unsurprisingly much more specific, revealing its

11  true organizational mission to be criminal justice reform.[1]

12  Its home page solicits donations to "Support Sentencing Reform." *See Unite the*

13  *People Home Page*, https://www.unitethepeople.org/home (last visited May 23, 2019). Its

14  "Latest Updates & News" section highlights Unite the People's advocacy and lobbying for

15  reform in the realms of habeas corpus petitions, the felony murder rule, fair resentencing,

16  inmate training, "holding police accountable," and other similar criminal justice issues. *Id.*;

17  *see also Our Campaigns*, Unite the People, https://www.unitethepeople.org/campaigns (last

18  visited May 23, 2019) ("We are currently advancing our landmark criminal justice reform

19  bill . . . [which] will allow for fair resentencing of nonviolent 'three strikers' and release

20  thousands of nonviolent Californians back to their families and homes.").

21  The "Our Story" section of its website, found under the "About" tab, states:

22  Unite the People is a nonprofit organization formed in 2014 by a small group of
   concerned citizens, defense lawyers and legal experts to promote social justice in
23  the United States and deal with the national problem of mass incarceration and the
   need for prison and sentencing reform. Our attorneys also provide low-cost legal
24  options to the public, including criminal defense and immigration services.

25  *See About*, Unite the People, https://www.unitethepeople.org/about (last visited May 23, 2019).

26  Plaintiffs allege Defendants refuse to allow non-citizens to open a checking account

27

28  [1]   Defendants have concurrently-filed a request for judicial notice of the relevant
   portions of the Unite the People website.

DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1)

1    with their "Simple Bank" service on the basis of their citizenship and/or immigration status.

2    Compl. at ¶ 2. Chattopadhyay alleges she tried to open an account with Simple, but her

3    application was declined after she clicked "no" in response to an Internet form question

4    asking, "are you a U.S. citizen?" *Id.* at ¶¶ 14–15.

5         Plaintiffs allege Simple formerly allowed non-citizens to open accounts, but after

6    being acquired by Compass, Simple closed all accounts belonging to non-citizens and

7    instituted a policy that non-citizens could not open an account. *Id.* at ¶ 16. Alternatively,

8    Plaintiffs allege that Simple and Compass discriminated against aliens with a web interface

9    that automatically rejects non-citizen applicants based on their immigration status. *Id.* at ¶ 17.

10   Finally, Plaintiffs allege Defendants publicly stated in 2018 that regulations promulgated by

11   the Department of Treasury prohibited them from permitting legal permanent residents to

12   open accounts, but claim that this was pretextual. *Id.* at ¶¶ 18–19.

13        The Complaint has no allegations that Unite the People applied for an account with

14   any defendant or that it was discriminated against based on citizenship or immigration status.

15   Unite the People does not invoke associational standing or claim it is suing on behalf of its

16   members (it does not seem to have any). Instead, Unite the People sues individually, on its

17   own behalf, claiming *it* has been harmed by Defendants' alleged discrimination. *See id*. ¶¶

18   33–44 ("Plaintiff Unite the People brings this claim *on its behalf*.") (emphasis added). Unite

19   the People alleges it has been "forced to divert resources from its primary advocacy and other

20   projects in order to assist its members who are adversely affected by their inability to obtain

21   and maintain banking services with Defendants." *Id.* at ¶¶ 39, 51.[2]

---

22   [2]    The only reference to anything related to a bank or discrimination is the press release
23   that Unite the People issued about this case after filing it. *Simple Bank Sued for
     Discrimination Against Non-Citizens*, Unite the People (Mar. 25, 2019),
24   https://www.unitethepeople.org/news/2019/3/25/0yju6bdjaap2gyk0r4ois3vlqulu2m?rq=discrimin
     ation. Unite the People's website says it provides generic, low-cost "immigration" services,
25   but nothing related to banking discrimination. *See Affordable Immigration Legal Services
     Provided by Unite the People*, Unite the People,
26   https://www.unitethepeople.org/news/2018/11/18/affordable-immigration-legal-services (last
27   visited May 23, 2019) ("Green Cards for Spouses, Fiancé Visas, Conditional Green Cards,
     Abused Immigrants, Unlawful Presence & Illegal Entries, LGBT & Same-sex Marriage Based
28   Immigration, 3 & 10 Year Bar Waivers, Misrepresentation, Criminal Waivers, Other Visas &
     Green Cards, Deportation Defense, Citizenship, etc.").

1    **IV.    LEGAL STANDARD**

2          To survive a Rule 12(b)(1) motion to dismiss, a plaintiff must establish standing to

3    invoke federal subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598

4    F.3d 1115, 1121–22 (9th Cir. 2010); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

5    (1992) (party invoking jurisdiction bears the burden of alleging sufficient facts to withstand

6    jurisdictional challenge). A motion to dismiss may challenge standing because it is "an

7    indispensable part of the plaintiff's case and accordingly must be supported at each stage of

8    the litigation." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1140 (9th Cir. 2003)

9    (citation omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or

10   controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over

11   the suit . . . In that event, the suit should be dismissed under Rule 12(b)(1)." *Cetacean Cmty.*

12   *v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citations omitted); Fed. R. Civ. P. 12(b)(1).

13   **V.    THE CLAIMS BROUGHT BY UNITE THE PEOPLE SHOULD BE DISMISSED**

14   **      FOR LACK OF ARTICLE III STANDING**

15         The party invoking federal jurisdiction bears the burden of establishing the three

16   elements comprising standing: "The plaintiff must have (1) suffered an injury in fact, (2) that

17   is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be

18   redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547

19   (2016) (citing *Lujan*, 504 U.S. at 560–61). The court's "principal task is to determine

20   whether" the plaintiff "faces a realistic danger of sustaining direct injury as a result of the

21   policy's operation or enforcement, . . . or whether the alleged injury is too imaginary or

22   speculative to support jurisdiction." *Scott v. Pasadena Unified Sch. Dist*., 306 F.3d 646, 855

23   (9th Cir. 2002) (citation omitted).

24         **A.    Unite the People Suffered No Injury in Fact from Defendants' Alleged**

25         **      Discrimination against Chattopadhyay**

26         To have a cognizable injury in fact, Unite the People must have "suffered an invasion

27   of a legally protected interest that is concrete and particularized and actual or imminent, not

28   conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks and citation

omitted); *see also Davis v. City & Cty. of S.F.*, No. C-90-0286 WHO, 1991 WL 538816, at *2 (N.D. Cal. Sept. 11, 1991) (citation omitted) ("The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract. . .'"); *see, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1109–10 (9th Cir. 1995) (holding plaintiff lacked standing to assert claim that federal government failed its obligation under Thirteenth Amendment and Civil Rights Act of 1866). "Injury in fact is 'the first and foremost of standing's three elements[,]'" and without it, a plaintiff's Complaint must be dismissed. *Harry v. KCG Ams. LLC*, No. 17-cv-02385-HSG, 2018 WL 1184848, at *3 (N.D. Cal. Mar. 7, 2018) (quoting *Spokeo*, 136 S. Ct. at 1547–48)); *see also Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (quoting *Lujan*, 504 U.S. at 560) ("A 'particularized' injury is one that 'affect[s] the plaintiff in a personal and individual way.'").

"An organization may show an 'injury in fact' sufficient to confer direct standing by alleging both: '(1) frustration of its organizational mission; and (2) diversion of its resources' to combat the challenged actions by defendant." *Organic Consumers Ass'n v. Sanderson Farms, Inc.*, 284 F. Supp. 3d 1005, 1010 (N.D. Cal. 2018) (quoting *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004)). Unite the People cannot show either required element.

### 1. Chattopadhyay's claims of online banking discrimination do not touch upon, much less frustrate, Unite the People's organizational mission of criminal justice reform

For its injury in fact, Unite the People alleges only that it was forced to "divert resources" from its primary advocacy and other projects to assist its "members."[3] Compl. ¶¶ 39, 51. But a diversion-of-resources injury requires the organization to show that, "*independent of the litigation*, the challenged policy *frustrates the organization's goals* and requires the organization to expend resources in representing clients they otherwise would spend in other ways." *E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1241 (9th Cir.

---

[3]     Conclusory allegations aside, it is clear from Unite the People's website that it is a public interest law firm and does not have "members."

1  2018) (internal citations and quotations omitted; emphases added). That is where Unite the

2  People's claim for standing flounders.

3      Absolutely nothing in the Complaint even inferentially connects Chattopadhyay's

4  claim that she could not open an online bank account with Unite the People's "goals," which

5  appear to revolve almost entirely around lobbying for prisoner sentencing reform. *See Our*

6  *Campaigns*, *supra* p. 2. Indeed, the "Latest Updates & News" section on the homepage

7  consists exclusively of criminal law and prisoners' rights issues. *See* Unite the People Home

8  Page, *supra* p. 2. The "Our Story" section of the "About" tab states in its entirety:

> Unite the People is a nonprofit organization formed in 2014 by a small group of
> concerned citizens, defense lawyers and legal experts to promote social justice in
10 > the United States and deal with the national problem of mass incarceration and the
> need for prison and sentencing reform. Our attorneys also provide low-cost legal
11 > options to the public, including criminal defense and immigration services.

12 *See About*, *supra* p. 2.

13     Nothing about the conduct challenged in this lawsuit implicates "the national problem

14 of mass incarceration" or sentencing reform. Nor does it frustrate Unite the People's stated

15 purpose of addressing those social issues. Because the challenged policy of alleged banking

16 discrimination does not "frustrate[] the organization's goals," *E. Bay Sanctuary Covenant*,

17 909 F.3d at 1241, Unite the People cannot meet the first prong of the test for injury sufficient

18 to support Article III standing. That alone ends the inquiry and warrants dismissal.

19     **2.**    **Unite the People did not actually divert any resources other than**

20         **filing this lawsuit, which cannot confer standing as a matter of law**

21     Also fatal to Unite the People's claimed injury is the absence of a plausible allegation

22 that it actually diverted resources. The Complaint shows nothing more than that Unite the

23 People filed this lawsuit on Chattopadhyay's behalf, but litigation activity is not a legally

24 cognizable diversion of resources (*i.e.*, it is not a valid *injury*) for standing purposes.

25     An organization "cannot manufacture the injury by incurring litigation costs or simply

26 choosing to spend money fixing a problem that otherwise would not affect the organization at

27 all." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083,

28 1088 (9th Cir. 2010); *Thomas v. Hous. Auth. of the Cty. of L.A.*, No. CV 04-697 MMM (RCx),

2005 WL 6136432, at *15 (C.D. Cal. June 3, 2005) ("The mere fact that an organization redirects some of its resources to litigation and legal counseling in response to actions or inactions of another party is insufficient to impart standing upon that organization.") (citation omitted); *Meister v. City of Hawthorne*, No. CV-14-1096-MWF (SHx), 2014 WL 12596426, at *2 (C.D. Cal. July 28, 2014) (holding organization lacked independent standing where "the only diversion of resources alleged . . . [was] the cost associated with investigating and counteracting polices").

Unite the People cannot transform itself from *counsel* into a valid *party* with Article III standing to bring discrimination claims that do not affect its business (or else every plaintiff's law firm could also be a plaintiff in every case it filed). And because Unite the People fails to allege that it diverted any other resources other than litigating this case, it has no valid injury, and no Article III standing. Unite the People's claims should therefore be dismissed.

**B.     Unite the People Lacks Statutory Standing under California's Unruh Act**

In addition to lacking Article III standing, Unite the People also lacks statutory standing under California's Unruh Act. "A plaintiff must have statutory standing to bring a claim under the Unruh Act . . . The California Supreme Court has clarified that 'a plaintiff cannot sue for discrimination in the abstract, but must actually *suffer* the discriminatory conduct.'" *White v. Square, Inc.*, 891 F.3d 1174, 1177 (9th Cir. 2018) (quoting Cal. Civ. Proc. Code § 367; *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 175 (2007)) (emphasis added). "In order to have standing . . . a plaintiff must have 'been the victim of the defendant's discriminatory act,' meaning that the plaintiff was 'actually denied full and equal treatment by a business establishment. If a business establishment has a policy of unequal treatment . . . the discriminatory policy must be '*applied* to the plaintiff.'" *Id.* (quoting *Angelucci*, 41 Cal. 4th at 175) (emphasis in original).

Unite the People does not meet this test. Unite the People was not denied the opportunity to open a bank account with Simple; it did not have its bank account closed; it was not the alleged victim of Defendants' policies and practices. Therefore, Unite the People

did not "actually suffer" the discriminatory conduct. *White*, 891 F.3d at 1177. Because the alleged discriminatory policy was never applied to Unite the People, that means Unite the People lacks standing to sue under the Unruh Act. Its Unruh Act claim should be independently dismissed.

## VI.   CONCLUSION

For the foregoing reasons, plaintiff Unite the People lacks standing under Article III and the Unruh Act. This Court should dismiss it from this case.

Respectfully submitted,

Dated: May 24, 2019            **KATTEN MUCHIN ROSENMAN LLP**


By: _____ /s/ Gregory S. Korman _____

Attorneys for Defendants BBVA Compass
Bancshares, Inc., Simple Finance
Technology Corp., BBVA Compass
Financial Corporation, and Compass Bank