Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
greg.korman@kattenlaw.com
Andrew J. Demko (CA 247320)
andrew.demko@kattenlaw.com
Charlotte S. Wasserstein (CA 279442)
charlotte.wasserstein@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East
Los Angeles, CA 90067-3012
Telephone:    310.788.4400
Facsimile:    310.788.4471

Attorneys for Defendants BBVA Compass
Bancshares, Inc., Simple Finance Technology
Corp., BBVA Compass Financial
Corporation, and Compass Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, UNITE THE PEOPLE, individually and on behalf of all other similarly situated,<br><br><br><br>Plaintiffs,<br><br>v.<br><br>BBVA COMPASS BANCSHARES, INC., SIMPLE FINANCE TECHNOLOGY CORP., BBVA COMPASS FINANCIAL CORPORATION, and COMPASS BANK,<br><br>Defendants. | Case No. 3:19-cv-01541-JST<br><br>The Honorable Jon S. Tigar<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: March 25, 2019<br><br>Date:          August 1, 2019<br>Time:          2:00 p.m.<br>Place:         Courtroom 9 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the above-named court, located at 450 Golden Gate Avenue, Courtroom 9 – 19th Floor, San Francisco, California, 94102, the Honorable Jon S. Tigar presiding, defendants BBVA Compass Bancshares, Inc. and BBVA Compass Financial Corporation (the "BBVA Defendants"), will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing the Complaint. Defendants bring this Motion on the grounds that this Court lacks personal jurisdiction over the BBVA Defendants.

The BBVA Defendants respectfully request an order dismissing them from the action with prejudice for lack of personal jurisdiction.

This Notice of Motion and Motion are based on the Memorandum of Points and Authorities, the Declarations of Carrie Cogburn and Brian R. Herrick, the Court's file, any argument of counsel the Court may entertain at the hearing on this motion, and all matters of which the Court may take judicial notice.

Respectfully submitted,

Dated:   May 24, 2019

**KATTEN MUCHIN ROSENMAN LLP**

By: _____/s/ Gregory S. Korman_____

Attorneys for Defendants BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Corporation, and Compass Bank

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF THE ISSUES TO BE DECIDED ........................................... 2

III.    JURISDICTIONAL FACTS ................................................................................ 2

IV.     LEGAL STANDARD ........................................................................................... 3

V.      THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER THE
        BBVA DEFENDANTS BECAUSE THEY ARE AT HOME IN TEXAS, NOT
        CALIFORNIA ....................................................................................................... 3

VI.     THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER THE
        BBVA DEFENDANTS .......................................................................................... 5

        A.      The Court Lacks Specific Jurisdiction over Defendant BBVA Compass
                Bancshares Because It Directed No Case-Related Activity to California ......... 5

        B.      The Court Lacks Specific Jurisdiction over Defendant BBVA Compass
                Financial Because It Directed No Case-Related Activity to California ............ 7

        C.      Asserting Specific Personal Jurisdiction over the BBVA Defendants
                Would Be Constitutionally Unreasonable ....................................................... 8

VII.    CONCLUSION ..................................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants BBVA Compass Bancshares, Inc. ("BBVA Compass Bancshares") and BBVA Compass Financial Corporation ("BBVA Compass Financial," collectively, the "BBVA Defendants") are not subject to personal jurisdiction in this Court. They are not at home in California, and the claims asserted do not arise out of anything the BBVA Defendants did in California.

Plaintiff Amitabho Chattopadhyay alleges she applied to open a deposit account with online banking platform Simple Finance Technology Corp. ("Simple"). She alleges Simple declined her application after she answered "no" to the application question "Are you a U.S. citizen?" She and her law firm, Unite the People (collectively, "Plaintiffs"), have sued Simple, Compass Bank, and the BBVA Defendants for alleged discrimination in violation of 42 U.S.C. § 1981 and the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et seq*.). Dismissal of the BBVA Defendants is necessary.

BBVA Compass Bancshares is a bank holding company incorporated in Texas with its principal place of business in Texas. It is not "at home" in California and thus not subject to general personal jurisdiction in this Court. BBVA Compass Bancshares is also not subject to specific personal jurisdiction because Plaintiffs' bank-account-opening-discrimination claims do not arise from anything BBVA Compass Bancshares did at all, much less anything it purposefully aimed at California. BBVA Compass Bancshares is not a bank. It has no banking operations and provides no banking products or services in California, or anywhere else, and it does not communicate with California consumers. The Court should dismiss BBVA Compass Bancshares.

BBVA Compass Financial is a commercial equipment leasing entity incorporated in Texas with its principal place of business in Texas. It is at home in Texas, not California, and consequently it is not subject to general personal jurisdiction in this Court. Plaintiffs' claims do not arise from anything BBVA Compass Financial did, much less purposefully aimed at California, because BBVA Compass Financial has no banking operations or deposit-taking

DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(2)

products or services, and commercial equipment leasing has nothing to do with opening an online-only deposit account. Thus, BBVA Compass Financial also is not subject to specific personal jurisdiction in this Court.

In short, the BBVA Defendants are foreign corporations with no connection, much less the requisite substantial one, to Plaintiffs' claims. The Court should dismiss the Complaint as to BBVA Compass Bancshares and BBVA Compass Financial for lack of personal jurisdiction.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

Should Plaintiffs' Complaint be dismissed as to the BBVA Defendants because this Court lacks personal jurisdiction over them?

## III.   JURISDICTIONAL FACTS

Defendant BBVA Compass Bancshares is a Texas corporation with its principal place of business in Texas. Compl. ¶ 5; Declaration of Brian R. Herrick ("Herrick Decl.") ¶ 2. Defendant BBVA Compass Financial is Texas corporation with its principal place of business in Texas. Declaration of Carrie Cogburn ("Cogburn Decl.") ¶ 2.[1] Neither BBVA Defendant is incorporated in California or has its principal place of business in California.

Plaintiffs allege the BBVA Defendants "do business in the State of California," Compl. ¶ 11, that they "operate[] substantial business" in California, including both an "online presence and physical branches," *id.* at ¶¶ 5, 7, and that they "act[ed] in tandem" with Simple to "close[] all bank accounts belonging to non-citizens, including permanent residents, *id.* at ¶ 16, or "conspired with" Simple "to deny services to aliens in that it provided the web interface which automatically rejects non-citizen applicants on the basis of their immigration status," *id.* at ¶ 17.

In reality, BBVA Compass Bancshares is a financial holding company with no banking operations, banking products, or banking services in California or anywhere else. Herrick Decl. ¶ 3. BBVA Compass Bancshares is not involved in the day-to-day operations of

---

[1]   Plaintiff erroneously alleges that BBVA Compass Financial is an Alabama corporation. Compl. at ¶ 7.

its subsidiaries, each of which is independently managed. *Id.* at ¶ 2. And BBVA Compass Bancshares does not communicate directly with consumers in California. *Id.* at ¶ 4. Similarly, BBVA Compass Financial is a commercial equipment leasing company that does not engage in retail banking. Cogburn Decl. ¶ 2. It is not a bank; it has no banking operations; and it provides no deposit-taking products or services, in California or anywhere else. *Id.* at ¶ 3.

## IV.   LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that jurisdiction is appropriate and of making "a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotations and citation omitted). Jurisdictional facts cannot be established by nonspecific, conclusory statements. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

## V.   THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER THE BBVA DEFENDANTS BECAUSE THEY ARE AT HOME IN TEXAS, NOT CALIFORNIA

A federal district court lacks general personal jurisdiction over a foreign corporation unless its "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citation omitted); *see also Schwarzenegger*, 374 F.3d at 807 (continuous and systematic general business contacts must "approximate physical presence" in California) (citation omitted); *Park v. Oxford Univ.*, 35 F. Supp. 2d 1165, 1167 (N.D. Cal. 1997) ("[T]he level of contact with the forum state necessary to establish jurisdiction is quite high.") (citation omitted).

Barring an "exceptional" case, a foreign corporation is subject to general jurisdiction only in the state where it is incorporated or where it maintains its principal place of business. *Daimler AG*, 571 U.S. at 126–27, 137–38, n.19. Critically, "[g]eneral jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A

1    corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

2    at 139 n.20; *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

3            Neither of the BBVA Defendants is subject to general personal jurisdiction in

4    California because neither is "at home" in this state. BBVA Compass Bancshares is not at

5    home in California because it is a Texas corporation with its principal place of business in

6    Texas. Herrick Decl. ¶ 2. The same is true for BBVA Compass Financial Corporation.

7    Cogburn Decl. ¶ 2. It is a Texas corporation with its principal place of business in Texas.

8    Both are "at home" in Texas, *not* California, and there is no basis to find this to be an

9    exceptional case. *See, e.g.*, *Bayer Healthcare LLC v. Nektar Therapeutics*, No. 17 CV-05055-

10   LHK, 2018 WL 1258202, at *5 (N.D. Cal. Mar. 12, 2018) (holding allegations the defendants

11   had "employees and a manufacturing facility in California, maintain[ed] a partnership with"

12   California-based company, bought and sold products in California, but had Illinois principal

13   place of business, were "not enough to support a finding" of general jurisdiction because

14   "[m]erely conducting business in California from a home base in Illinois does not render a

15   company 'at home' in California, even when such business generates substantial revenue"); *In*

16   *re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1139–42 (S.D. Cal. 2018)

17   (holding general jurisdiction not established where defendants had principal places of

18   business in the United Kingdom and the Cayman Islands, maintained offices in New York and

19   Los Angeles, and where a designated member traveled to the United States to attend board of

20   directors' meetings, did not have operations "so substantial and of such a nature as to render"

21   them at home in the United States) (citation omitted).

22           Under controlling Supreme Court authority, *Daimler AG*, 571 U.S. at 126–27, 137–38,

23   n.19, there is no general personal jurisdiction over the BBVA Defendants.

24

25

26

27

28

## VI.    THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER THE BBVA DEFENDANTS

Courts in the Ninth Circuit will "exercise specific jurisdiction over a non-resident defendant only when three requirements are satisfied: (1) the defendant either 'purposefully direct[s]' its activities or 'purposefully avails' itself of the benefits afforded by the forum's laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (citations omitted).

Specific personal jurisdiction cannot be asserted over the BBVA Defendants because they did not aim any suit-related conduct at California, and Plaintiffs' claims of discrimination in opening online accounts does not arise out of anything the BBVA Defendants did because neither defendant engages in banking activities in California (or anywhere else). Cogburn Decl. ¶ 3; Herrick Decl. ¶ 3.

### A.    The Court Lacks Specific Jurisdiction over Defendant BBVA Compass Bancshares Because It Directed No Case-Related Activity to California

"The purposeful availment requirement is designed to ensure that a defendant is not subjected to suit in a jurisdiction through random, fortuitous, or attenuated contacts." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 590 (9th Cir. 1996). BBVA Compass Bancshares did not direct any suit-related conduct (or any conduct at all) at California. While Plaintiffs allege that BBVA Compass Bancshares has an "online presence and physical branches" in California, that it "act[ed] in tandem" with Simple to close all Simple accounts belonging to noncitizens, and that it "conspired" with Simple to deny Simple's services to aliens, Compl. ¶¶ 5, 16–17, these are baseless conclusions without factual support.

The evidentiary record is that BBVA Compass Bancshares does not have branches and does not involve itself in the day-to-day operations of any of its independently managed subsidiaries. Instead, it is "a financial holding company," it engages in no banking activities,

and has no communications with consumers in California. Herrick Decl. ¶¶ 2–4. As such, Plaintiffs' claims in no way could have arisen from any case-related conduct BBVA Compass Bancshares purposefully directed to California, because there was none. *Watkins v. Autozone, Inc.*, No. 08-CV-1509-H (AJB), 2008 WL 11336729, at *2–3 (S.D. Cal. Oct. 10, 2008) (concluding plaintiff failed to meet test for specific jurisdiction where it offered no affidavits or argument contradicting defendant's averments that it was "a holding company that merely own[ed] stock in its subsidiaries"); *see also Reddy v. Medquist, Inc*., No. CV 10-1830-VBF(DTBx), 2010 WL 11595765, at *2 (C.D. Cal. Apr. 29, 2010) (plaintiff did not meet her burden of showing court had general or specific jurisdiction over defendant that was "a holding company with no California operations").

Plaintiffs' vague and conclusory allegations of conspiracy or concerted action with Simple are insufficient to establish specific jurisdiction. *Brown v. 140 NM LLC*, No. 17-cv-05782-JSW, 2019 WL 118425, at *8 (N.D. Cal. Jan. 7, 2019) (finding no specific jurisdiction based on plaintiff's allegations that the defendants "were participating in the same conspiracy as the California defendants"). "Plaintiffs provide no allegations or evidence to support an assertion that" either BBVA Defendant "had any direct involvement in the [discriminatory] scheme alleged" in the Complaint "as would be required for a finding that [it] is subject to the specific jurisdiction of this Court." *Corcoran v. CVS Health Corp*., 169 F. Supp. 3d 970, 981 (N.D. Cal. 2016); *Walden v. Fiore*, 571 U.S. 277, 283 (2014) ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State.") (citation omitted and emphasis in original); *Sky Billiards, Inc. v. Loong Star Inc.*, No. EDCV 14-00921 JGB (SPx), 2014 WL 12601022, at *4 (C.D. Cal. Sept. 4, 2014) (dismissing complaint where plaintiff's "allegations regarding specific jurisdiction are threadbare").

What is more, Plaintiffs' allegations that the BBVA Defendants participated in Simple's purported *nationwide* discriminatory policy do not support specific jurisdiction in *California*, because "it is not clear that those actions either took place in California or were purposefully directed at California." *Page v. Minn. Life Ins. Co.*, No. SACV 18-01208 AG (KESx), 2018 WL 7501580, at *3 (C.D. Cal. Dec. 3, 2018) (granting motion to dismiss for

lack of jurisdiction where plaintiffs did not plausibly allege conspiracy between defendants); *Ayunan v. Caktiong*, Case No. 15-cv-9355, 2016 WL 738288, at *7 (C.D. Cal. Feb. 23, 2016) (finding specific personal jurisdiction lacking where foreign defendant had offices and an employee in California, was registered to do business in California, because plaintiffs failed to allege the claims arose from California-related activities).

Certainly no plausible inference may be drawn that California was the target of this policy, as Simple is an Oregon-based company, and the BBVA Defendants are Texas-based. Absent a showing that the alleged policy was aimed at California, rather than Texas, or Oregon, or anywhere else, specific jurisdiction is lacking. *See, e.g.*, *Schwarzenegger*, 374 F.3d at 804–05 (holding "a foreign act with foreseeable effects in the forum state" is insufficient for an assertion of specific personal jurisdiction) (citation omitted); *see also King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 580 (9th Cir. 2011) ("[E]ven though the accident triggering [insurance] coverage under a nationwide insurance policy took place in Montana, there was no basis for finding of jurisdiction [there].").

Plaintiffs' conclusory allegations do not support specific personal jurisdiction. This Court should dismiss BBVA Compass Bancshares and all claims asserted against it.

**B.    The Court Lacks Specific Jurisdiction over Defendant BBVA Compass Financial Because It Directed No Case-Related Activity to California**

Like BBVA Compass Bancshares, defendant BBVA Compass Financial did not direct any suit-related conduct toward California. Putting aside Plaintiffs' baseless allegations about BBVA Compass Financial's physical branches in California and tandem operations with Simple, the reality is that BBVA Compass Financial is "an equipment leasing company with its business focus on commercial transactions." Cogburn Decl. ¶ 2. It is not a bank, has no banking operations, and provides no deposit-taking products or services in California or anywhere else. *Id.* at ¶ 3. BBVA Compass Financial's commercial equipment leasing business has "no relationship to the complaint in the present action," which is based solely on the allegedly discriminatory denial or termination of bank accounts. *AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 983–86 (N.D. Cal. 2015).

1    As with BBVA Compass Bancshares, the barebones conclusions that a commercial

2    equipment leasing company worked "in tandem" with Simple, a digital account platform, are

3    wholly insufficient. *See, e.g.*, *Brown*, 2019 WL 118425, at *8 ("barebones assertions" of

4    forum contacts insufficient); *Sky Billiards, Inc.*, 2014 WL 12601022, at *4 ("threadbare"

5    allegations insufficient). And even if they were credited, there still could be no specific

6    personal jurisdiction because Plaintiffs cannot allege the concerted action took place in

7    California or was purposefully directed at California. *See Page*, 2018 WL 7501580, at *3. The

8    claims against BBVA Financial Corporation should also be dismissed.

9    **C.    Asserting Specific Personal Jurisdiction over the BBVA Defendants Would**

10    **Be Constitutionally Unreasonable**

11    Neither BBVA Compass Bancshares nor BBVA Compass Financial is incorporated in

12    California. Neither has its principal place of business here. Neither conducts any banking or

13    deposit-taking activities here (or anywhere). Both are Texas companies in incorporated in

14    Texas with no consumer-facing operations. They have no ties to this case and no expectation

15    that they would or could be sued by someone who tried to open an online account through

16    Simple. It offends due process to demand they appear, produce witnesses, and produce

17    documents in this Court. Respectfully, dismissal of the claims against the BBVA Defendants

18    is warranted.

19    **VII.    CONCLUSION**

20    For the foregoing reasons, this Court lacks jurisdiction over the BBVA Defendants.

21    Thus, the claims against them should be dismissed with prejudice and judgment entered in

22    favor of the BBVA Defendants.

23    

24    Dated:   May 24, 2019                    **KATTEN MUCHIN ROSENMAN LLP**

25    

26    By: _____/s/ Gregory S. Korman_____

27    Attorneys for Defendants BBVA Compass
     Bancshares, Inc., Simple Finance Technology
28    Corp., BBVA Compass Financial
     Corporation, and Compass Bank