Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
greg.korman@kattenlaw.com
Andrew J. Demko (CA 247320)
andrew.demko@kattenlaw.com
Charlotte S. Wasserstein (CA 279442)
charlotte.wasserstein@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East
Los Angeles, CA 90067-3012
Telephone:   310.788.4400
Facsimile:   310.788.4471

Attorneys for Defendants BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Corporation, and Compass Bank

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, UNITE THE PEOPLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBVA COMPASS BANCSHARES, INC., SIMPLE FINANCE TECHNOLOGY CORP., BBVA COMPASS FINANCIAL CORPORATION, and COMPASS BANK,<br><br>Defendants. | Case No. 3:19-cv-01541-JST<br><br>The Honorable Jon S. Tigar<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**<br><br>Complaint Filed: March 25, 2019<br><br>Date:      August 1, 2019<br>Time:     2:00 p.m.<br>Place:    Courtroom 9 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Federal Rule of Evidence 201, defendants BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Institution Corporation, and Compass Bank (collectively, "Defendants") request that the court take judicial notice of several governmental publications available on publicly accessible websites, as well as the publicly available website of plaintiff Unite the People. These documents are submitted in support of Defendants' concurrently-filed motions to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and are attached to the concurrently-filed declaration of Gregory S. Korman (the "Korman Decl.") as follows:

- **Exhibit 1:** A true and correct copy of pertinent excerpts (with cited portions bracketed) from the Federal Financial Institutions Examination Council's *Bank Secrecy Act/Anti-Money Laundering Examination Manual, available at* https://www.ffiec.gov/bsa_aml_infobase/documents/BSA_AML_Man_2014_v2.pdf;

- **Exhibit 2**: A true and correct copy of printouts from the Financial Crimes Enforcement Network's ("FinCEN's") website entitled "What We Do," *available at* https://www.fincen.gov/what-we-do;

- **Exhibit 3**: A true and correct copy of printouts from FinCEN's website entitled "Enforcement Actions," *available at* https://www.fincen.gov/news-room/enforcement-actions;

- **Exhibit 4**: A true and correct copy of printouts from the Federal Deposit Insurance Corporation's website entitled "Learning Bank - How Banks Work," *available at* https://www.fdic.gov/about/learn/learning/banks.html.

- **Exhibit 5**: A true and correct copy of printouts from the Federal Deposit Insurance Corporation's website entitled "The FDIC's Response to Bank Secrecy Act and Anti-Money Laundering Concerns Identified at FDIC-Supervised Institutions," *available at*

https://www.fdicoig.gov/publications/fdics-response-bank-secrecy-act-and-anti-money-laundering-concerns-identified-fdic.

- **Exhibit 6**: A true and correct copy of printouts from plaintiff Unite the People's website, *available at* https://www.unitethepeople.org.

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Exhibits 1–5 are judicially noticeable because they are official publications of government entities. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information on websites of two school districts because they were published by government entities); *Cty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a Department of Health and Human Services web site); *Peacock v. 21st Amendment Brewery Café, LLC*, No. 17-cv-01918-JST, 2018 WL 452153, at *3 (N.D. Cal. Jan. 17, 2018) (taking judicial notice of publicly available government documents published by the Department of the Treasury Alcohol and Tobacco Tax and Trade Bureau). These documents are submitted in support of Defendants' concurrently-filed motion to dismiss the Complaint pursuant to Rule 12(b)(6). They are relevant because they comprise official governmental publications regarding the Bank Secrecy Act, a statute which precludes Plaintiffs from stating a claim for relief.

Defendants also seek judicial notice of Unite the People's website pages about its organizational purpose. (Ex. 6.) These statements are relevant to Unite the People's allegation that it suffered injury-in-fact by being forced to "divert resources" from its primary area of advocacy. Courts routinely take judicial notice of the contents of publicly available websites. *See, e.g.*, *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012); *W. Marine, Inc. v. Watercraft Superstore, Inc.*, No. 11-cv-04459-HRL, 2012 WL 479677, at *9 (N.D. Cal. Feb. 14, 2012). Courts including this one are understandably reluctant to take judicial notice of the *requesting party's* own website, *Rollins v. Dignity*

*Health*, 338 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2018), but because judicial notice is sought of the opposing party's website, judicial notice is proper, *e.g., Am. Republic Wheels, Inc. v. Coddington*, No. CV 14-08718-AB (SHX), 2015 WL 13047563, at *4 n.5 (C.D. Cal. Mar. 27, 2015) ("The Court takes judicial notice of the fact that, as of March 25, 2015 Plaintiff's website www.americanrepublicwheels.com prominently states that 'American Republic Wheels is Boyd Coddington Wheels' and advertises 'Boyd Coddington Wheels' and 'Boyds Wheels' for sale in the United States"); *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015) ("Defendants ask the Court to take judicial notice of a page of Plaintiff's website, which contains certain statements regarding Plaintiff's payment processing services. . . . Plaintiff does not dispute the accuracy of its own website. Accordingly the Court takes judicial notice of this document."); *Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*, No. 13CV1308 L WMC, 2014 WL 842951, at *3 (S.D. Cal. Mar. 4, 2014) (taking judicial notice of "press releases from Plaintiff's website"); *Caner v. Autry*, 16 F. Supp. 3d 689, 696 n.12 (W.D. Va. 2014) (taking judicial notice of information "reported in a press release on Plaintiff's own website"); *Doron Precision Sys., Inc. v. FAAC, Inc*., 423 F. Supp. 2d 173, 178 n.8 (S.D.N.Y. 2006) (granting motion to dismiss, noting that allegation in complaint "conflicts with the representations on [plaintiff's] own website," and taking judicial notice of plaintiff's website's contents).

For the foregoing reasons, Defendants respectfully request that the court take judicial notice of the printouts of governmental online publications attached as Exhibits 1–5 to the Korman Declaration, and the printouts from plaintiff Unite the People's website attached as Exhibit 6 to the Korman Declaration.

Respectfully submitted,

Dated:   May 24, 2019                    **KATTEN MUCHIN ROSENMAN LLP**

By:   /s/ Gregory S. Korman

Attorneys for Defendants BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Corporation, and Compass Bank