1  Stuart M. Richter (CA 126231)
   stuart.richter@kattenlaw.com
2  Gregory S. Korman (CA 216931)
   greg.korman@kattenlaw.com
3  Andrew J. Demko (CA 247320)
   andrew.demko@kattenlaw.com
4  Charlotte S. Wasserstein (CA 279442)
   charlotte.wasserstein@kattenlaw.com
5  **KATTEN MUCHIN ROSENMAN LLP**
   2029 Century Park East
6  Los Angeles, CA 90067-3012
   Telephone:    310.788.4400
7  Facsimile:    310.788.4471

8  Attorneys for Defendants BBVA Compass
   Bancshares, Inc., Simple Finance Technology
9  Corp., BBVA Compass Financial
   Corporation, and Compass Bank

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13

14  AMITABHO CHATTOPADHYAY, UNITE       Case No. 3:19-cv-01541-JST
    THE PEOPLE, individually and on behalf of
15  all others similarly situated,                 The Honorable Jon S. Tigar

16                                                 **DEFENDANTS' STATEMENT IN**
                              Plaintiffs,          **RESPONSE TO ORDER RE:**
17                                                 **DEFENDANTS' MOTIONS TO DISMISS**
            v.                                     **(ECF. 21)**
18
    BBVA COMPASS BANCSHARES, INC.,                 Complaint Filed: March 25, 2019
19  SIMPLE FINANCE TECHNOLOGY
    CORP., BBVA COMPASS FINANCIAL
20  CORPORATION, and COMPASS BANK,

21                            Defendants.

22

23

24

25

26

27

28

---

## I.     INTRODUCTION

In this case there are many moving parts. Two plaintiffs—Unite the People and Amitabho Chattopadhyay—brought two claims for relief against four defendants—BBVA Compass Bancshares, Inc., Simple Finance Technology Corp., BBVA Compass Financial Corporation, and Compass Bank (together, "Defendants"). One of the plaintiffs lacks Article III standing; two of the Defendants are not subject to personal jurisdiction in this Court; and all of the claims are subject to substantive merits challenges based on the specific claims asserted. These issues gave rise to motions under three separate sections of Rule 12.

Defense counsel attempted to synthesize and present these issues in a clean, organized, and logical fashion. In counsel's view, the most orderly presentation was to file one brief per Rule 12 motion. By filing one brief for each motion, rather than joining three motions into one brief, defense counsel was absolutely not attempting to exceed the twenty-five page limit. The focus was exclusively on a clean, straightforward presentation that defense counsel genuinely believed would most assist the Court.

Respectfully, the Court should find that Defendants have shown cause why each separate Rule 12 motion was appropriately presented in a separate brief. If the Court disagrees, however, Defendants will consolidate and refile these motions on a schedule convenient to the Court.

## II.    BACKGROUND

On May 24, 2019, Defendants filed three separate motions under three doctrinally and numerically distinct sections of Rule 12: (1) a motion to dismiss pursuant to Rule 12(b)(1), on the grounds that plaintiff Unite the People lacks standing (the "Standing Motion"); (2) a motion to dismiss filed by defendants BBVA Compass Bancshares, Inc. and BBVA Compass Financial Corporation, pursuant to Rule 12(b)(2), on the grounds that the Court lacks personal jurisdiction over those two defendants (the "Personal Jurisdiction Motion"); and (3) a motion to dismiss all claims pursuant to Rule 12(b)(6), on the grounds that the Complaint fails to state a claim (the "12(b)(6) Motion"). (ECF Nos. 17–19.) All

three motions were set for hearing on August 1, 2019. The memoranda in support of the Standing Motion and Personal Jurisdiction Motion were eight pages each and the memorandum in support of the 12(b)(6) Motion was twenty-one pages.

Defendants filed a separate brief for each separate motion because, in counsel's view, that was the most logical, orderly approach to organizing these distinct issues that affected different parties differently (or not at all). Defendants filed a self-contained motion under each applicable section of Rule 12, so the Court and its staff would have everything in one place to address each (distinct) issue raised in each motion. Defendants did not in any way intend to circumvent the page limits of Rule 7–2(b). Logical organization and presentation of the issues in the most user-friendly manner was the only motivation.

On June 4, 2019, the Court issued the Order Re: Defendants' Motions to Dismiss, stating that "[t]he filing of three separate motions appears potentially to be an attempt to exceed the 25-page limit under Civil Local Rule 7-2(b)," and requiring a statement that "presents cause as to why the Court should not order Defendants to file a single motion to dismiss that complies with Local Rule 7–2" or "proposes a deadline for filing such a motion." ECF No. 21.

On June 7, 2019, plaintiffs Amitabho Chattopadhyay and Unite the People stipulated under Rule 41 to voluntarily dismiss all claims asserted by plaintiff Unite the People and terminate it as a party. ECF No. 23. The stipulation moots the Standing Motion and the Court may ignore it entirely. Now, two motions remain for decision.

### III.   DISCUSSION

The Court should find that Defendants have shown cause why it was appropriate to file separate motions addressing the separate legal issues under the separate sections of Rule 12 that are before the Court. There was no intent to circumvent the page limits imposed by local rule. To the contrary, defense counsel was motivated by what it viewed as the most logical, orderly presentation of issues to the Court. And as shown by the parties' stipulation to dismiss Unite the People's claims, this approach seems to have had the desired salutary result: rather than read irrelevant sections of a consolidated brief, the Court can now disregard the Standing Motion, ECF No. 11, in its entirety, because it is moot, and focus on the two remaining motions.

Defense counsel does not believe the three briefs run afoul of the Court's rules. Local Rule 7–2 provides that a memorandum in support of a "motion" may not exceed twenty-five pages. The local rules do not define "motion," but based on the Federal Rules of Civil Procedure, a "motion" is properly construed as a request for a court order. See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). Defendants sought three separate orders from the Court; therefore, they brought three separate motions.

Defense counsel recognizes that all three motions procedurally could have been consolidated into one brief. Grouping motions together in that manner is an option under Rule 12(g), which provides that a motion under Rule 12 "may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(g)(1). But by using the word "may," that rule is permissive, not mandatory—it authorizes joining motions together, but does not require doing so. *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-cv-0108, 2010 WL 2542275, at *6 (S.D. Cal. June 22, 2010) ("That these [two] motions [to dismiss] were not combined into a single motion is also not fatal, as Rule 12(g)(1) which provides '[a] motion under this rule *may* be joined with any other motion' is permissive and not mandatory.").[1]

---

[1]   The Standing Motion in particular could not have been required to be brought in a consolidated brief with the other motions, as motions under Rule 12(b)(1) may be brought any time in the proceedings. *Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009).

Defense counsel elected not to join the motions together in one brief because the motions are self-contained and distinct. The motions do not reflect an attempt to consume additional pages to make the same argument; they seek different orders on different grounds. *See Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 18-cv-00024GHDDAS, 2018 WL 3945607, at *4 (N.D. Miss. Aug. 16, 2018) ("The Court also finds the motion to dismiss for failure to state a claim is dissimilar enough from the other motions to justify it being brought separately."). The fact that each motion contains doctrinally distinct arguments shows that Defendants did not require more pages to make the same point; quite the opposite, with the introduction and facts section consolidated, the substantive arguments raised in all three motions would have fit into a twenty-five page brief. But defense counsel respectfully submits that in this case, one omnibus brief with fewer total pages would not have made the Court's task easier than three (now two) targeted, self-contained briefs addressing distinct rules and subject matter.

## IV.    CONCLUSION

Defendants filed three separate motions based on their good faith view of the most logical organization and presentation of the issues to the Court, not to unduly consume pages. Respectfully, the Court should find that Defendants have shown cause why the motions to dismiss were properly filed separately. If the Court disagrees, Defendants will file a consolidated motion on a timetable convenient to the Court.


                                        Respectfully submitted,

June 10, 2019                           **KATTEN MUCHIN ROSENMAN LLP**


                                        By:  _____/s/ Gregory S. Korman_____

                                        Attorneys for Defendants BBVA Compass
                                        Bancshares, Inc., Simple Finance Technology
                                        Corp., BBVA Compass Financial
                                        Corporation, and Compass Bank