ERIN L. BRINKMAN (SBN 289967)
Unite the People
    3003 W. Olympic Blvd Ste. 1031
    Los Angeles, CA 90006
    Telephone: (888) 245-9393
    E-mail: erin@unitethepeople.org
*Attorney for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Amitabho Chattopadhyay, *et. al.* <br>     Plaintiffs, <br><br> v. <br><br> BBVA Compass Bancshares, Inc., *et. al.*, <br>     Defendants. | **Case No. 3:19-cv-01541-JST** <br><br> PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) <br><br> **Date:** October 2, 2019 <br> **Time:** 2:00 p.m. <br> **Room:** Courtroom 9 - Floor 19 <br>     450 Golden Gate Ave. <br>     San Francisco, CA 94102 <br><br> **Judge:** Hon. Jon Tigar |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs in the above-captioned case hereby submit their opposition to defendants' Motion to Dismiss Pursuant to Rule 12(b)(2).

Respectfully submitted,<br>
<u>/s/ Erin L. Brinkman</u><br>
Erin L. Brinkman<br>
August 19, 2019<br>
Counsel for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs do not assert general personal jurisdiction over the BBVA defendants.

The BBVA defendants' personal jurisdiction argument is really an argument that plaintiffs have failed to state a claim: because the BBVA defendants are "holding companies" that, in general, do not participate in the day-to-day operations of Compass Bank, the defendants claim, they cannot be held liable for any discrimination perpetuated by either of the other two defendants.

However, the BBVA defendants can be held directly liable under 42 U.S.C. § 1981(c) and the Unruh Act because it is adequately alleged that one or both of the BBVA defendants was the origin of the discriminatory practice in question, and that upon acquiring Simple Finance Technology Corp., they imposed their policy on Simple's banking program.

Applying the test set out in Williams v. Yamaha Motor Co., 851 F.3d 1015 (9th Cir. 2017), it is adequately alleged that the BBVA defendants purposefully directed its discriminatory activities towards the state of California by directing the implementation of the discriminatory policy in question by the other two defendants, and that Plaintiffs' claims arise out of this direction. Moreover, it is far from unreasonable to expect that the BBVA defendants, both sophisticated corporate parties defending themselves with the same counsel as the remaining defendants, are in any way disadvantaged by defending themselves in California as opposed to their home states. The mere fact that the BBVA defendants do not speak directly with customers does not change the fact that they are alleged to have directed the merger with defendant Simple Finance Technology Corp. and the resulting imposition of the discriminatory policies in question.

Under Defendants' apparent theory that only the direct perpetrator of a policy can be held liable for its consequences, the protections granted by either law would be rendered toothless: a corporation with a national policy that is discriminatory under federal law could avoid liability for the parent company by, rather than implementing its policy itself, simply owning all of the stock in a shell company that implemented the policy.

Accordingly, any defendant who contributed in any way to this discriminatory scheme—including by establishing, disseminating, monitoring, enacting, and/or enforcing any corporate

policies and practices that permitted or encouraged the discriminatory conduct—must be considered a proper defendant. Defendants' self-serving and unilateral claims that the BBVA defendants are a "holding company" and an "equipment leasing company"— and thus not liable for the acts which they are alleged to have directed — simply cannot be ascertained without a thorough discovery process, to determine if the policy in question was implemented by one or both of the BBVA defendants. Without the allegations in place, the class may be denied adequate discovery into the relationship between each company and the origin and internal justifications for the discriminatory policies in question — if they do, in fact, originate with one or both of the BBVA defendants.

## Conclusion

The motion should be denied. In the alternative, leave should be given to amend the complaint to state facts establishing specific personal jurisdiction over the BBVA defendants, or leave should be given for jurisdictional discovery, e.g. into corporate communications between the BBVA defendants and the remaining defendants.

Respectfully submitted,<br>
/s/ Erin L. Brinkman<br>
Erin L. Brinkman<br>
August 19, 2019<br>
Counsel for Plaintiffs