Stuart M. Richter (CA 126231)
stuart.richter@katten.com
Gregory S. Korman (CA 216931)
greg.korman@katten.com
Andrew J. Demko (CA 247320)
andrew.demko@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:   310.788.4400
Facsimile:    310.788.4471

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (OAKLAND COURTHOUSE)

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, UNITE THE PEOPLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBVA COMPASS BANCSHARES, INC., SIMPLE FINANCE TECHNOLOGY CORP., BBVA COMPASS FINANCIAL CORPORATION, and COMPASS BANK,<br><br>Defendants. | Case No. 4:19-cv-01541-JST<br><br>The Honorable Jon S. Tigar<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS SIMPLE FINANCE TECHNOLOGY CORP. AND COMPASS BANK**<br><br>Complaint Filed: March 25, 2019 |

Defendants Simple Finance Technology Corp. and BBVA USA, dba BBVA, formerly known as Compass Bank, dba BBVA Compass (the "Answering Defendants") answer the class action Complaint filed by Plaintiff Amitabho Chattopadhyay ("Plaintiff") as follows:

### RESPONSE TO INTRODUCTION

1. In answering this paragraph, the Answering Defendants admit that Plaintiff filed this lawsuit, but deny the remaining allegations.

2. In answering this paragraph, the Answering Defendants deny the allegations.

### RESPONSE TO PARTIES

3. In answering this paragraph, the Answering Defendants admit Plaintiff is the plaintiff in this case, but lack sufficient information to admit or deny the remaining allegations of this paragraph and on that basis deny them.

4. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny the allegations of this paragraph and on that basis deny them.

5. In answering this paragraph, the Answering Defendants admit that BBVA Compass Bancshares is a Texas corporation and deny the remaining allegations.

6. In answering this paragraph, the Answering Defendants deny the allegations.

7. In answering this paragraph, the Answering Defendants deny the allegations.

8. In answering this paragraph, the Answering Defendants admit that Simple Finance Technology Corp. has customers based in California and deny the remaining allegations.

### RESPONSE TO JURISDICTION AND VENUE

9. In answering this paragraph, the Answering Defendants admit that this Court has subject matter jurisdiction over the claims asserted in the Complaint, and deny the remainder.

10. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations.

11. In answering this paragraph, the Answering Defendants deny the allegations.

12. In answering this paragraph, the Answering Defendants lack sufficient

information to admit or deny and therefore deny the allegations.

13. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny the allegations and on that basis deny.

## RESPONSE TO FACTUAL BACKGROUND

14. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny the allegations and on that basis deny.

15. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny the allegations and on that basis deny.

16. In answering this paragraph, the Answering Defendants deny the allegations.

17. In answering this paragraph, the Answering Defendants deny the allegations.

18. In answering this paragraph, the Answering Defendants deny the allegations.

19. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny and on that basis deny.

20. In answering this paragraph, the Answering Defendants deny the allegations.

## RESPONSE TO CLASS ACTION ALLEGATIONS

21. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the Answering Defendants admit Plaintiff attempts to define a class but deny the remaining allegations in this paragraph and its subparts.

22. In answering this paragraph, the Answering Defendants deny the allegations contained therein.

23. In answering this paragraph, the Answering Defendants deny the allegations.

24. In answering this paragraph, the Answering Defendants deny the allegations.

25. In answering this paragraph, the Answering Defendants deny the allegations.

26. In answering this paragraph, the Answering Defendants deny the allegations.

27. In answering this paragraph, the Answering Defendants deny the allegations.

28. In answering this paragraph, the Answering Defendants deny the allegations.

29. In answering this paragraph, the Answering Defendants deny the allegations.

30. In answering this paragraph, the Answering Defendants deny the allegations.

**RESPONSE TO FIRST CAUSE OF ACTION**

31. The Answering Defendants incorporate their allegations in paragraphs 1 through 30 as if fully restated here.

32. In answering this paragraph, the Answering Defendants admit Plaintiff purports to represent a class and deny the remaining allegations.

33. In answering this paragraph, the Answering Defendants deny the allegations.

34. In answering this paragraph, the Answering Defendants admit the allegations.

35. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny.

36. In answering this paragraph, the Answering Defendants deny the allegations.

37. In answering this paragraph, the Answering Defendants deny the allegations.

38. In answering this paragraph, the Answering Defendants deny the allegations.

39. In answering this paragraph, the Answering Defendants deny the allegations.

40. In answering this paragraph, the Answering Defendants deny the allegations contained therein.

41. In answering this paragraph, the Answering Defendants deny the allegations.

**RESPONSE TO SECOND CAUSE OF ACTION**

42. The Answering Defendants incorporate their allegations in 1 through 41 as if fully restated here.

43. In answering this paragraph, the Answering Defendants admit Plaintiff purports to represent a class and deny the remaining allegations.

44. In answering this paragraph, the Answering Defendants deny the allegations.

45. In answering this paragraph, the Answering Defendants admit the allegations.

46. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny.

47. In answering this paragraph, the Answering Defendants lack sufficient information to admit or deny.

48. In answering this paragraph, the Answering Defendants lack sufficient

ANSWERING DEFENDANTS' ANSWER TO COMPLAINT

142446630v3

information to admit or deny the allegations.

49. In answering this paragraph, the Answering Defendants deny the allegations.

50. In answering this paragraph, the Answering Defendants deny the allegations.

51. In answering this paragraph, the Answering Defendants deny the allegations.

52. In answering this paragraph, the Answering Defendants deny the allegations.

53. In answering this paragraph, the Answering Defendants deny the allegations.

54. In answering this paragraph, the Answering Defendants deny the allegations.

The Answering Defendants deny each and every other allegation, conclusion, statement, request, prayer for relief or other provision contained in the Complaint not specifically admitted or controverted herein, including each and every separate paragraph of the "Wherefore" clauses contained in the Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that the Answering Defendants have any burden of proof, Defendants hereby assert the following affirmative defenses. The Answering Defendants expressly reserve the right to assert any and all other defenses that may be determined to exist throughout the course of this Action.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a first separate and affirmative defense to the causes of action in the Complaint, Answering Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

2. As a second separate and affirmative defense to the causes of action in the Complaint, Answering Defendants allege that Plaintiff's and the putative class members' claims are barred, in whole or in part, due to their failure to mitigate their damages, if any.

## THIRD AFFIRMATIVE DEFENSE

**(Alleged Discrimination Permitted by Statute or Public Policy)**

3.     As a third separate and affirmative defense to the causes of action in the Complaint, Answering Defendants allege that Plaintiff's and the putative class members' claims are barred because the alleged discrimination is permitted by statute or public policy.

## FOURTH AFFIRMATIVE DEFENSE

**(Legitimate Business Interest)**

4.     As a fourth separate and affirmative defense to the causes of action in the Complaint, Answering Defendants allege that Plaintiff's and the putative class members' claims are barred because Answering Defendants had a legitimate business interest and valid business purpose in complying with their obligations under the Bank Secrecy Act.

## FIFTH AFFIRMATIVE DEFENSE

**(Standing)**

5.     As a fifth separate and affirmative defense to the causes of action in the Complaint, Plaintiff's and the putative class members' claims are barred because they lack standing.

## SIXTH AFFIRMATIVE DEFENSE

**(Important Public Policy)**

6.     As a sixth separate and affirmative defense to the causes of action in the Complaint, Answering Defendants allege that Plaintiff's and the putative class members' claims are barred because the actions complained of were necessary to further the public policies expressed in the Bank Secrecy Act.

## SEVENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

7.     As a seventh separate and affirmative defense to the causes of action in the Complaint, Answering Defendants allege that Plaintiff's and the putative class members' claims are barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure §§ 335.1, 338, and 340 and 28 U.S.C. § 1658.

**RESERVATION OF RIGHTS**

The Answering Defendants expressly reserve the right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation, and research.

**PRAYER FOR RELIEF**

WHEREFORE, the Answering Defendants pray for judgment in their favor as follows:

1. Plaintiff have and recover nothing;

2. Any request for class certification be denied;

3. Judgment of dismissal in favor of the Answering Defendants and against Plaintiff;

4. For costs of suit and reasonable attorneys' fees as may be recoverable under claims asserted by Plaintiff; and

5. For such other and further relief as this Court may deem just and proper.

Dated: December 9, 2019          **KATTEN MUCHIN ROSENMAN LLP**

By: _____/s/ Gregory S. Korman_____

Attorneys for Defendants