Erin L. Brinkman (State Bar No. 289967)
PURSUIT OF JUSTICE
erin@pursuitofjustice.org
5042 Wilshire Blvd., #46275
Los Angeles, CA 90036
Telephone: 916.917.0855

Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Anne B. Shaver (State Bar No. 255928)
ashaver@lchb.com
Tiseme G. Zegeye (State Bar No. 319927)
tzegeye@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amitabho Chattopadhyay and Vitalii Tymchyshyn, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Simple Finance Technology Corp. and BBVA USA, f/k/a Compass Bank,<br><br>Defendants. | Case No.  4:19-cv-01541-JST<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. Civil Rights Act of 1866 (42 U.S.C. § 1981)<br>2. Unruh Act (Cal. Civ. Code §§ 51, 51.5 & 52 et. seq.)<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This complaint is brought by Plaintiffs Amitabho Chattopadhyay and Vitalii Tymchyshyn, individually and on the behalf of all others similarly situated (collectively, "Plaintiffs"), through their attorneys, against Defendants Simple Finance Technology Corp. ("Simple") and BBVA USA (f/k/a Compass Bank) (collectively, "Defendants"), for violations of

the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981, and the Unruh Civil Rights Act, codified at section 51 *et seq.* of the California Civil Code.

2. Defendant Simple has a stated policy of refusing to allow non-U.S. citizens to open a bank account on the basis of their citizenship and/or immigration status. Defendant BBVA USA has a stated policy of refusing to allow non-U.S. citizens to open a bank account online on the basis of their citizenship and/or immigration status, instead requiring that they come into a branch office to do so, which has the effect of denying services altogether to such non-U.S. citizens who are unable to come into a branch office. Defendants policies are arbitrary, discriminatory, and violate 42 U.S.C. § 1981 and Cal. Civ. Code. §§ 51, 51.5 & 52.

**PARTIES**

3. Plaintiff Chattopadhyay is a named plaintiff in this case, a native and citizen of the Republic of Singapore and is lawfully admitted for permanent residence in the United States. She has been issued a valid social security number by the Social Security Administration.

4. Plaintiff Tymchyshyn is a named plaintiff in this case, a native and citizen of Ukraine and is lawfully admitted for permanent residence in the United States. He has been issued a valid social security number by the Social Security Administration.

5. On information and belief, Defendant BBVA USA, f/k/a Compass Bank, (hereinafter "BBVA") is an Alabama corporation operating in the state of California and a subsidiary of BBVA USA Bancshares, Inc. BBVA does substantial business within the state of California, including both an online presence and physical branches.

6. On information and belief, Defendant Simple Finance Technology Corp. (hereinafter "Simple") is an Oregon corporation operating in the State of California and a subsidiary of BBVA USA Bancshares, Inc. Simple habitually operates in the state of California. A significant portion of its clientele is located in California and its business is targeted towards California.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over Plaintiffs' section 1981 claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law

1  claims pursuant to 28 U.S.C. § 1367. Further, this Court has jurisdiction pursuant to the Class

2  Action Fairness Act of 2005, 28 U.S.C.§ 1332 *et. seq.*

3        8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

4  §§ 2201 and 2202.

5        9.      This court has personal jurisdiction over each and every Defendant named herein

6  because they do business in the State of California.

7        10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a

8  substantial part of the events or omissions giving rise to the claims occurred in this district and

9  Defendants conduct business within this district.

10       11.     Pursuant to N.D. Cal. Local Rules 3-2(c) and (d), intradistrict assignment to the

11  Oakland Division is proper because a substantial part of the events which give rise to the claims

12  asserted herein occurred in Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or

13  Sonoma counties.

## FACTUAL BACKGROUND

15       12.     Defendant Simple and Defendant BBVA are companies joined by a community of

16  interest and with a joint course of conduct as relevant to the allegations herein. According to its

17  website, Simple "join[ed] the BBVA family of companies in 2014, [and] started moving Simple

18  accounts from our original partner bank, The Bancorp Bank, to BBVA Compass (now BBVA

19  USA) in 2016."[1]  In other words, when one deposits funds with Simple, they are actually held by

20  BBVA.  Both BBVA and Simple are subsidiaries of the same parent company, BBVA USA

21  Bancshares, Inc.[2]  One applies for an account with Simple through Simple's website, and one

22  applies for an account with BBVA either through its website or in one of its physical branches.

23       13.     Simple is an online bank, meaning it does not have any physical branch offices.

24  Originally, Simple opened accounts for non-U.S. citizens. According to the "Frequently Asked

25  Questions" on Simple's website, Simple offered accounts to "permanent residents of the United

---

[1] *See* www.simple.com/faq (last visited March 12, 2020).
[2] BBVA Compass Financial Corporation officially changed its name to BBVA USA Bancshares, Inc. effective June 10, 2019. *See* November 5, 2019 SEC Form 10Q, available at https://www.sec.gov/Archives/edgar/data/1409775/000140977519000059/bbvausa20190930x10q.htm (last visited March 12, 2020).

- 3 -

SECOND AMENDED COMPLAINT
CASE NO. 19-CV-01541-JST

1993448.2

1   States, over 18 years of age, with a Social Security number," through December 2016.[3]  But

2   starting at least as far back as February 2017, and continuing through the present, Simple has

3   denied applications submitted by non-U.S. citizens to open accounts, including residents with

4   social security numbers.  Simple's website stated that, "We can only offer accounts to U.S.

5   citizens over 18 years of age, with a Social Security number."[4]  At or around this same time,

6   Simple also closed all accounts belonging to non-U.S. citizens, including residents with social

7   security numbers.

8         14.     BBVA is a bank offering both online and in-person services, with physical branch

9   offices in the states of Alabama, Arizona, California, Colorado, Florida, New Mexico, and Texas.

10  Formerly known as Compass Bank, the bank became a wholly owned subsidiary of BBVA in

11  2007.  Starting potentially as far back as 2007, but at least as of May 2018 and continuing through

12  the present, BBVA has denied online applications by non-U.S. citizens, including residents with

13  social security numbers, and has instead required them to go to a branch office in order to open an

14  account.

15        15.     On October 13, 2018, Plaintiff Chattopadhyay, drawn to the 2.02% interest bearing

16  checking accounts which Simple offered, attempted to sign up for an account with Simple using

17  the username "amitabho." After answering questions soliciting her personal information, her

18  contact information and her intent in obtaining the account, she was brought to a screen titled

19  "Let's verify your identity," soliciting her date of birth and social security number and asking

20  "are you a U.S. citizen" and "are you a PEP (politically exposed person)." After filling in the rest

21  of the form, including her social security number, she clicked "no" in response to "are you a U.S.

22  citizen." A notice with an exclamation mark popped up reading "Sorry, at this time we can only

23  accept US citizens." The "verify" button, which would have allowed her to carry on in making

24  her application, remained inaccessible.  Plaintiff Chattopadhyay attempted to sign up two more

25  times over the next few months. The same result occurred each time.

26

---

[3] https://web.archive.org/web/20161205091318/http://simple.com/faq (December 2016).
[4] https://web.archive.org/web/20170205040836/http://simple.com/faq (February 2017).

- 4 -

SECOND AMENDED COMPLAINT
CASE NO. 19-CV-01541-JST

1993448.2

16. On March 27, 2019, Plaintiff Chattopadhyay attempted to sign up online for a checking account with Defendant BBVA. The online application called for her to enter her personal information, including social security number, which she did. Part way through the application form is the question, "Are you a U.S. Citizen?" When she clicked "No"," a notice with an exclamation mark popped up reading "You must be a U.S. Citizen to apply for a Free Checking online. However, you may apply at a branch." The remainder of the application remained inaccessible.

17. On October 25, 2019, Plaintiff Tymchyshyn attempted to sign up online for an account with Simple. After creating a username and a password, he entered his personal information into the online application form, including his social security number. When he came to the portion of the form that asked, "Are you a U.S. Citizen?" he clicked "No." His application was then rejected and he was unable to proceed with filling out the rest of the form and clicking "Submit." The same day, Plaintiff Tymchyshyn received an email from Simple stating, "We're sorry to let you know that your Simple application was not approved. For security and regulatory purposes, we can't tell you the specific reason."

18. On March 13, 2020, Plaintiff Tymchyshyn attempted to sign up online for a checking account with Defendant BBVA. The online application called for him to enter his personal information, including social security number, which he did. Part way through the application form is the question, "Are you a U.S. Citizen?" When he clicked "No," a notice with an exclamation mark popped up reading "You must be a U.S. Citizen to apply for a Free Checking online. However, you may apply at a branch." The remainder of the application remained inaccessible.

19. According to an article published on the website medium.com, "Simple bank discriminates against permanent US residents," the company sent the following official reply on September 28, 2018 to a lawful permanent resident who was denied an account with Simple on the basis of citizenship:

> Thanks for reaching out to us! In May of 2016, the US Department of the Treasury issued new rules and guidelines under the Bank Secrecy Act in order to clarify and strengthen requirements for

    ALL financial institutions. In short, the Federal Regulators require us to ask more questions of our customers and know more about them and how they will be using the account. These new rules and guidelines had to be implemented by May of 2018. With that said, we can only offer new accounts to U.S. citizens.[5]

20. Upon information and belief, Simple's reply references 81 FR 29397, Customer Due Diligence Requirements for Financial Institutions.  However, the Treasury's issuance of that rule did not impose any requirement for banks to distinguish between citizens of the United States and citizens of any other country in any way. Rather, the Treasury's regulations distinguish only between people who have social security numbers and those who do not.

21. As such, Defendants' stated justification (as also reflected in Defendants' joint motion to dismiss, ECF 19) was at best an incorrect interpretation of the law, and at worst a pretext for their intent to discriminate against non-U.S. citizens.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs Chattopadhyay and Tymchyshyn bring class allegations under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a nationwide class consisting of all non-U.S. citizens residing in the United States and in possession of a valid social security number at the time they applied for an account with Simple and/or BBVA between March 25, 2016 through the date of final judgment in this action ("Covered Period"), who were denied on the basis of their citizenship, or whose accounts with Simple and/or BBVA were terminated during the Covered Period on the basis of their citizenship.  Plaintiffs Chattopadhyay and Tymchyshyn are members of the Nationwide Class.

23. Plaintiffs Chattopadhyay and Tymchyshyn also bring class allegations under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a California class consisting of all non-U.S. citizens residing in California and in possession of a valid social security number at the time they applied for an account with Simple and/or BBVA between March 25, 2016 through the date of final judgment in this action ("Covered Period"), who were denied on the basis of their citizenship, or whose accounts with Simple and/or BBVA were terminated during the Covered

---

[5] *See* https://medium.com/@bartclaeys/simple-bank-discriminates-against-permanent-us-residents-89c86bfba7b8 (last visited March 12, 2019).

Period on the basis of their citizenship. Plaintiffs Chattopadhyay and Tymchyshyn are members of the California Class.

24.   Upon information and belief, Class Members in each of the classes are so numerous that joinder of all of them is impracticable. In February 2017, Simple claimed that it was obtaining "30,000 new accounts per month," starting from a baseline of about a hundred thousand.[6] And BBVA touts itself as "among the top 25 largest U.S. commercial banks."[7] Over 13 million lawful permanent residents are present in the United States,[8] and hundreds of thousands of visa holders with social security numbers beyond that. Plaintiffs do not know the precise number of Class Members in each class, as this information is in Defendants' possession.

25.   There are questions of law and fact common to the classes, and these questions predominate over any questions affecting only individual members. The common questions include, but are not limited to, (1) whether Defendants' stated policies which exclude Class Members outright from opening a bank account with Simple, and from opening a bank account online with BBVA, on the basis of their citizenship or immigration status (the "Policies") deprives Class Members of the right to contract in violation of Section 1981; (2) whether Defendants' application of the Policies deprive Class Members of their rights under the Unruh Civil Rights Act; (3) whether Class Members are harmed by Defendants' application of the Policies; (4) whether Class Members are entitled to compensatory damages; (5) if compensatory damages are warranted, whether Class Members are entitled to damages of no less than $4,000 for each failed attempt to sign up for a bank account with Defendants and each account termination; (6) whether Class Members are entitled to punitive damages; (7) what equitable and injunctive relief for each of the classes is warranted; and (8) the scope of a resulting permanent injunction.

---

[6] https://www.bizjournals.com/portland/news/2017/02/02/bbva-compass-earnings-shine-some-light-on-simple.html (last visited March 12, 2020).

[7] http://bbvausa.investorroom.com/ (last visited March 12, 2020).

[8] Department of Homeland Security, Office of Immigration Statistics. Available at https://www.dhs.gov/sites/default/files/publications/lpr_population_estimates_january_2015.pdf (last visited March 12, 2020).

26.     Plaintiffs' claims are typical of the claims of the Class Members in each of the classes: (1) Plaintiffs were within the jurisdiction of the United States and had social security numbers; (2) Plaintiffs attempted to apply for bank accounts with Defendants; and (3) Plaintiffs did not receive bank accounts from Defendants due to their citizenship or immigration status. Each of these claims is substantially shared by every Class Member in each of the Classes. Each of the claims arises from the same course of conduct by Defendants, and the relief sought is common.

27.     Plaintiffs will fairly and adequately represent and protect the interests of the Class Members in each of the classes. Plaintiffs have no conflict with any of the Class Members. Plaintiffs are committed to the goal of having Defendants change their business practices to stop discriminating against Plaintiffs and other resident non-U.S. citizens who possess valid social security numbers.

28.     Plaintiffs have retained counsel sufficiently competent in civil rights and class action matters, including Unruh Act claims, to represent the Class Members adequately in this action.

29.     The number of Class Members is ascertainable through Defendants' records, particularly through its digital logs of applications for bank accounts. Accordingly, each of the proposed classes is ascertainable.

30.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to all Class Members, making declaratory and injunctive relief and statutory damages appropriate with respect to the classes as a whole. Defendants exclude Class Members outright from obtaining bank accounts online due to their citizenship or immigration statuses. Class Members are entitled to injunctive and other make-whole relief to end Defendants' common, unfair, and discriminatory policies.

31.     Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class Members. Further, a class action is superior to other available methods for the fair and efficient

adjudication of this litigation since joinder of all members is impracticable. The Class Members have been damaged and are entitled to recovery due to Defendants' common, unfair, and discriminatory policies. Damages are capable of measurement on a classwide basis. The analysis regarding the propriety and amount of punitive damages is based solely on Defendants' conduct, making these issues common to the classes. The Class Members will rely on common evidence to resolve their legal and factual questions, including applicable policies in the relevant period. There will be no undue difficulty in the management of this litigation as a class action.

**FIRST CAUSE OF ACTION**
**Citizenship Discrimination (42 U.S.C. §1981)**

32. Plaintiffs incorporate into this cause of action each and every allegation contained in this this First Amended Complaint by reference as if it were set out entirely herein.

33. Plaintiffs Chattopadhyay and Tymchyshyn bring this claim on behalf of themselves and the California and Nationwide Classes.

34. Plaintiffs and Class Members are persons within the jurisdiction of the United States.

35. Plaintiffs and Class Members are resident non-U.S. citizens in the United States with valid social security numbers.

36. Plaintiffs and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

37. Defendants intentionally discriminated against Plaintiffs and Class Members on the basis of citizenship by denying them the opportunity to contract to open a bank account with Simple, by denying them the opportunity to contract to open a bank account online with BBVA, and/or by terminating their accounts.

38. Defendants' intentional discrimination against Plaintiffs and Class Members interfered with their right to make and enforce contracts to obtain and maintain a bank account.

39. Defendants' policies of refusing to open bank accounts and terminating bank accounts based on the Class Members' citizenship harmed them and constitutes unlawful

citizenship discrimination in the making and enforcing of contracts in violation of 42 U.S.C. § 1981.

40. Plaintiffs and the Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiffs and the Class Members are now suffering, and will continue to suffer, injury from Defendants' discriminatory acts and omissions.

41. Defendants' conduct has caused, and continues to cause, Plaintiffs and the Class Members substantial losses in interest which should have accrued on their Simple bank balances. It has also caused Plaintiffs and the Class Members to be denied the free checking accounts, and other benefits, offered by BBVA. The defendants' intentional discrimination thus interfered with Plaintiffs and Class Members' right to full and equal services and their right to make and enforce contracts for financial products.

## SECOND CAUSE OF ACTION
**Violation of the Unruh Act (Civ. Code §§ 51, 51.5 and 52 *et seq.*)**

42. Plaintiffs incorporate into this cause of action each and every allegation contained in this First Amended Complaint by reference as if it were set out entirely herein.

43. Plaintiffs Chattopadhyay and Tymchyshyn bring this claim on behalf of themselves and the California Class.

44. Plaintiffs and California Class Members are persons within the jurisdiction of the United States.

45. Plaintiffs and California Class Members are resident non-U.S. citizens in the United States with valid social security numbers.

46. Plaintiffs and California Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

47. Plaintiffs and California Class Members are entitled to the full and equal accommodations, advantages, facilities, privileges, and/or services in all business establishments of every kind whatsoever, no matter their immigration status. Consequently, no business

establishment of any kind whatsoever may refuse to contract with Plaintiffs because of their immigration status.

48. Defendants intentionally discriminated against Plaintiffs and the California Class on the basis of citizenship, immigration status and/or nationality by denying them the opportunity to contract to open a bank account with Simple, by denying them the opportunity to contract to open a bank account online with BBVA, and/or by terminating their accounts. Each ground is pled collectively and in the alternative.

49. Defendants' intentional discrimination against Plaintiffs and the California Class interfered with their right to full and equal services and their right to make and enforce contracts in opening bank accounts; this interference constitutes unlawful discrimination in violation of the Unruh Act.

50. Plaintiffs and the California Class have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiffs and the Class Members they seek to represent are now suffering, and will continue to suffer, injury from Defendants' discriminatory acts and omissions.

51. Defendants' conduct has caused, and continues to cause, Plaintiffs and the California Class Members substantial losses in interest which should have accrued to their Simple bank balances. It has also caused Plaintiffs and the California Class Members to be denied the free checking accounts, and other benefits, offered by BBVA. The defendants' intentional discrimination thus interfered with Plaintiffs and California Class Members' right to full and equal services and their right to make and enforce contracts for financial products.

52. Pursuant to Civ. Code § 52 subd. (a), Plaintiffs and the California Class Members are entitled to treble the actual damages suffered, no less than $4,000 per violation, and attorneys' fees. Pursuant to Civ. Code § 52 subd. (c) of the Unruh Civil Rights Act, Plaintiffs and the California Class are also entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damages, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

## **PRAYER FOR JUDGMENT**

WHEREFORE, Plaintiffs and the Class Members for each class pray judgment against each and every defendant as follows:

1. Certification of the case as a class action on behalf of the proposed California and Nationwide Classes.

2. Designation of Plaintiffs Chattopadhyay and Tymchyshyn as representatives of both the California Class and Nationwide Class.

3. Designation of Plaintiffs' counsel of record as Class Counsel.

4. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981 and sections 51 subd. (b) and 51.5 of the Unruh Civil Rights Act.

5. A preliminary and permanent injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs and usages set forth herein.

6. For general and special damages according to proof.

7. For treble and statutory damages to the extent allowed by law.

8. For exemplary and punitive damages according to proof.

9. For reasonable attorneys' fees.

10. For costs of suit.

11. For pre- and post-judgment interest as provided by law.

12. For such other and further relief as the Court deems just and appropriate.

| | | |
|---|---|---|
| 1 | Dated:  June 2, 2020 | Respectfully submitted, |
| 2 | | */s/ Anne B. Shaver* |
| 3 | | Kelly M. Dermody (State Bar No. 171716) |
| | | kdermody@lchb.com |
| 4 | | Anne B. Shaver (State Bar No. 255928) |
| | | ashaver@lchb.com |
| 5 | | Tiseme G. Zegeye (State Bar No. 319927) |
| | | tzegeye@lchb.com |
| 6 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 7 | | 275 Battery Street, 29th Floor |
| | | San Francisco, CA  94111-3339 |
| 8 | | Telephone:  415.956.1000 |
| | | Facsimile:  415.956.1008 |
| 9 | | |
| 10 | | Erin L. Brinkman (State Bar No. 289967) |
| | | PURSUIT OF JUSTICE |
| | | erin@pursuitofjustice.org |
| 11 | | 5042 Wilshire Blvd., #46275 |
| | | Los Angeles, CA 90036 |
| 12 | | Telephone: 916.917.0855 |
| 13 | | *Attorneys for Plaintiffs and the Proposed Class* |

## **CERTIFICATE OF SERVICE**

I, hereby certify that on June 2, 2020, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

*/s/ Tiseme G. Zegeye*
Tiseme G. Zegeye

- 14 -

1993448.2

SECOND AMENDED COMPLAINT
CASE NO. 19-CV-01541-JST