UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIMPLE FINANCE TECHNOLOGY CORP., et al., <br><br> Defendants. | Case No. 19-cv-01541-JST <br><br> **ORDER GRANTING DEFENDANT BBVA USA'S MOTION TO DISMISS** <br><br> Re: ECF No. 87 |

Before the Court is a motion to dismiss the second amended complaint brought by Defendant BBVA USA, formerly known as Compass Bank. ECF No. 87. The Court will grant the motion.

I.  **BACKGROUND**

In the operative second amended complaint ("SAC"), Plaintiffs Amitabho Chattopadhyay and Vitalii Tymchyshyn seek to represent nationwide and California classes of resident non-U.S. citizens who possess a valid Social Security number but were unable to open bank accounts online with Defendants Simple Finance Technology Corporation and BBVA.[1]  ECF No. 86. They assert two claims: unlawful citizenship discrimination under 42 U.S.C. § 1981 and violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 51.5, 52.

As to BBVA, Plaintiffs allege the following: "One applies for an account with BBVA either through its website or in one of its physical branches." ECF No. 86 ¶ 12. BBVA "has a stated policy of refusing to allow non-U.S. citizens to open a bank account online on the basis of their citizenship and/or immigration status, instead requiring that they come into a branch office to

---

[1] Simple originally joined BBVA's motion but has since withdrawn its joinder and has filed an answer. ECF Nos. 88, 89, 94.

1  do so, which has the effect of denying services altogether to such non-U.S. citizens who are unable
2  to come into a branch office." *Id.* ¶ 2.  It has "physical branch offices in the states of Alabama,
3  Arizona, California, Colorado, Florida, New Mexico, and Texas." *Id.* ¶ 14.  Both Chattopadhyay
4  and Tymchyshyn attempted to apply online for a checking account with BBVA and entered their
5  personal information, including their Social Security numbers.  *Id.* ¶¶ 16, 18.  After answering a
6  question that they were not U.S. citizens, "a notice with an exclamation mark popped up reading
7  'You must be a U.S. Citizen to apply for a Free Checking [sic] online.  However, you may apply
8  at a branch.'  The remainder of the application remained inaccessible." *Id.*  BBVA's conduct has
9  "caused Plaintiffs and the Class Members to be denied the free checking accounts, and other
10 benefits, offered by BBVA." *Id.* ¶ 41.

BBVA now moves to dismiss the complaint against them for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  ECF No. 87.  Because the Court concludes that Plaintiffs lack standing to assert claims against BBVA, it does not reach BBVA's remaining arguments.

## II.   JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

To have Article III standing to sue, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  If a plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1).  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  A jurisdictional challenge "may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  Where, as here, a defendant makes a facial attack, the court assumes that the complaint's allegations are true and draws all reasonable

inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## IV. DISCUSSION

Plaintiffs argue that "[t]he SAC alleges that BBVA denied Plaintiffs Chattopadhyay and Tymchyshyn online checking accounts on the basis of their citizenship." ECF No. 91 at 10. They continue by explaining that "[t]he SAC alleges that BBVA has a stated policy of refusing to allow non-U.S. citizens to open a bank account *online* on the basis of their citizenship. Plaintiffs do not allege, as BBVA misconstrues, that their injury was the inability to open an in-person bank account." *Id.* at 11 (citation omitted) (emphasis in original). "Plaintiffs are interested in opening online checking accounts with BBVA, they did in fact apply, and their online applications were denied by BBVA on the basis of their citizenship." *Id.* at 12.

However, as BBVA correctly observes, Plaintiffs have "point[ed] to no law or authority suggesting that they have a legally protected interest in opening an account with a new bank online rather than in person." ECF No. 95 at 9. According to the complaint's allegations, Plaintiffs were told that they could not "apply for a Free Checking [account] online," but that they could "apply at a branch." ECF No. 86 ¶¶ 16, 18. Even when viewed in a light most favorable to Plaintiffs, the SAC fails to allege a concrete injury that is fairly traceable to BBVA's conduct. Plaintiffs do not allege that BBVA in any way refused to open a "Free Checking" account with them. Instead, the SAC alleges that Plaintiffs were told to go to a branch to continue the application process, *id.*, and there are no allegations that BBVA would have prevented Plaintiffs, based on their citizenship, from opening an account had they gone to a branch to do so. In addition, although Plaintiffs allege that BBVA's policy "has the effect of denying services altogether to . . . non-U.S. citizens who are unable to come into a branch office," *id.* ¶ 2, they do not allege that either Chattopadhyay or Tymchyshyn were unable to visit a branch office. This case is therefore similar to those cited by BBVA in which plaintiffs were found to lack standing because their own actions broke the causal chain. *See*, *e.g.*, *Makaryan v. Volkswagen Grp. of Am., Inc.*, No. CV 17-5086 PA (KSx), 2017 WL 6888254, at *6 (C.D. Cal. Oct. 13, 2017) ("To the extent that an injury is self-inflicted or due to the plaintiff's own fault, the causal chain is broken and standing will not be established." (citation omitted)); *CNSP, Inc. v. U.S. Forest Serv.*, No. CV 17-814 MV/KK, 2018 WL 4258118,

at *7 (D.N.M. Sept. 6, 2018), *report and recommendation adopted*, 2018 WL 4674574 (D.N.M. Sept. 28, 2018), *reconsideration denied*, 2019 WL 2503199 (D.N.M. June 17, 2019) (finding no standing where plaintiff "chose to submit its request via letter instead of using [the required form] SF-299," which "was a choice that, insofar as the record in this case reveals, Plaintiff made of its own accord").  Accordingly, the Court dismisses Plaintiffs' claims against BBVA for lack of standing.  Because it is not clear that Plaintiffs could not allege standing as to their claims against BBVA if given leave to amend, such leave will be granted.

Having found that the SAC does not sufficiently allege Plaintiffs' standing to proceed against BBVA, the Court does not reach BBVA's remaining arguments.  The Court denies as moot BBVA's requests for judicial notice; the submitted material relates only to BBVA's non-standing arguments, and the Court did not consider it in ruling on this motion.

## CONCLUSION

Defendant BBVA's motion to dismiss is granted with leave to amend.  Within 21 days of the date of this order, Plaintiffs may file an amended complaint solely to correct the deficiencies identified above.  If a timely amended complaint is not filed, the Court will dismiss Defendant BBVA from this case with prejudice.

**IT IS SO ORDERED.**

Dated:  November 2, 2020



JON S. TIGAR
United States District Judge