**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMITABHO CHATTOPADHYAY; VITALII TYMCHYSHYN, individually and on behalf of all others similarly situated, | No.  21-15017 |
| | D.C. No. 4:19-cv-01541-JST |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| BBVA USA, FKA Compass Bank, | |
| Defendant-Appellee, | |
| and | |
| BBVA COMPASS BANCSHARES, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted September 14, 2021
San Francisco, California

Before:  WALLACE, SCHROEDER, and FORREST, Circuit Judges.

Amitabho Chattopadhyay and Vitalii Tymchyshyn (collectively, Plaintiffs)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeal from the district court's dismissal of their action for lack of Article III standing.  Plaintiffs, who are non-U.S. citizens, alleged that Defendant BBVA USA (BBVA) violated 42 U.S.C. § 1981 and the California Unruh Civil Rights Act (Unruh Act), Cal. Civ. Code § 51 *et seq.*, by discriminating against them on the basis of citizenship.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review "a motion to dismiss for lack of standing de novo, construing the factual allegations in the complaint in favor of the plaintiffs."  *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citation and quotation marks omitted).  To satisfy Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The issues in this appeal are whether the first two elements are met.

First, Plaintiffs have alleged an injury-in-fact sufficient to confer Article III standing.  To establish an injury-in-fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Lujan*, 540 U.S. at 560

(citations and quotation marks omitted).

Plaintiffs have a legally protected interest in making contracts free of citizenship discrimination under Section 1981 and the Unruh Act.  Section 1981 protects the "same right . . . to make . . . contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  "The statute prohibits, when based on [citizenship], . . . the offer to make a contract only on discriminatory terms."  *Patterson v. McLean Credit Union*, 491 U.S. 164, 176–77 (1989), *superseded by statute on other grounds*. Similarly, the Unruh Act "protect[s] each person's inherent right to 'full and equal' access to 'all business establishments.'"  *White v. Square, Inc.*, 7 Cal. 5th 1019, 1025 (2019) (quoting Cal. Civ. Code § 51(b)).  The Unruh Act prohibits a business from offering "discriminatory terms" that "exclude the person from full and equal access to its services . . . ."  *Id.* at 1032.  Thus, Section 1981 and the Unruh Act protect Plaintiffs' right to contract free of citizenship discrimination, which includes making contracts on the same terms offered to U.S. citizens.

Plaintiffs' allegations also satisfy Article III's requirement for a concrete injury.  Plaintiffs alleged that BBVA offered them contracts on discriminatory terms because of their citizenship.  Whereas BBVA allows U.S. citizens to apply for a new checking account online, BBVA required Plaintiffs—based solely on their status as non-U.S. citizens—to apply for a new checking account in person at a branch office. Because "discrimination itself . . . can cause serious non-economic injuries to those

persons who are denied equal treatment solely because of their membership in a disfavored group," Plaintiffs have alleged a concrete injury-in-fact sufficient to confer Article III standing. *White v. Square, Inc.*, 891 F.3d 1174, 1177 (9th Cir. 2018) (quoting *Heckler v. Mathews*, 465 U.S. 728, 739–40 (1984)); *see also Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2355 (2020) ("[A] plaintiff who suffers unequal treatment has standing to challenge a discriminatory exception that favors others." (citing *Heckler*, 465 U.S. at 737–40)). The fact that Plaintiffs would have ultimately obtained the same checking account given to U.S. citizens does not vitiate the alleged discriminatory injury: that BBVA imposes on non-U.S. citizens a requirement to apply in person that it does not impose on others. *See Patterson*, 491 U.S. at 176–77; *cf. White*, 7 Cal. 5th at 1030–31 (explaining that black customers, even if offered the same product, "experienced the application of a discriminatory policy" by being required to pay with cash while white customers could pay with credit).

Second, Plaintiffs have alleged an injury "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," because the injury was the direct result of BBVA's policy. *Lujan*, 504 U.S. at 560 (quotation marks and alterations omitted).

We express no view on whether Plaintiffs have valid claims sufficient to survive BBVA's motion to dismiss under Rule 12(b)(6). We hold only that

Plaintiffs' allegations satisfy Article III's requirements for a concrete injury-in-fact that is fairly traceable to BBVA's conduct.

   **REVERSED** and **REMANDED**.