UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BBVA USA, et al., <br><br> Defendants. | Case No. 19-cv-01541-JST <br><br> **ORDER DENYING RENEWED MOTION TO DISMISS** <br><br> Re: ECF No. 87 |

In this putative class action, Plaintiffs Amitabho Chattopadhyay and Vitalii Tymchyshyn contend that allowing United States citizens, but not non-citizens, to open bank accounts online is unlawfully discriminatory under 42 U.S.C. § 1981 and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 51.5, 52. The Court previously granted Defendant BBVA USA's motion to dismiss for lack of standing and declined to reach BBVA's arguments that the second amended complaint failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 102. Plaintiffs appealed that ruling, and the Ninth Circuit reversed. ECF No. 113. BBVA USA has since merged with Defendant PNC Bank, National Association, and PNC has renewed BBVA's prior motion to dismiss on Rule 12(b)(6) grounds. The parties agree that the motion has been fully briefed. ECF No. 120 at 2.

I. **REQUEST FOR JUDICIAL NOTICE**

In connection with the motion to dismiss, PNC has filed a renewed request for judicial notice of excerpts from websites of the Federal Financial Institutions Examination Council and the Financial Crimes Enforcement Network. ECF No. 122. The Court grants this unopposed request. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information "made publicly available by government entities" online, where "neither party

disputes the authenticity of the web sites or the accuracy of the information displayed therein").

## II. MOTION TO DISMISS

BBVA contends that its policy of requiring non-citizens to apply for a new account in-person cannot be unlawfully discriminatory because the policy is necessary for BBVA to comply with the Bank Secrecy Act. The Court has already explained why this argument is not persuasive. In ruling on the first round of motions to dismiss, the Court held that, although the Bank Secrecy Act is more specific than Section 1981, the two statutes are not incompatible, and Plaintiffs may state a Section 1981 claim notwithstanding the Bank Secrecy Act:

> While Bank Secrecy Act regulations allow financial institutions to draw some limited distinctions in the way citizens and non-citizens are treated – for example, in the identification number that applicants must present prior to opening an account, 31 C.F.R. § 1020.220(a)(2)(i)(A)(4) – Defendants have pointed to nothing that clearly expresses a congressional intent to allow financial institutions to categorically bar non-citizens from opening bank accounts, or to allow an institution to treat citizens and resident non-citizens with Social Security numbers differently. The Court therefore reads the CIP [Customer Identification Program] requirements relied on by Defendants and § 1981 as being capable of co-existence. Based on the record now before it, the Court is not persuaded that Congress intended the Bank Secrecy Act to remove the protections of § 1981 and allow financial institutions to engage in wholesale discrimination against non-citizens.

ECF No. 42 at 11. The Court also denied BBVA's motion to dismiss Plaintiffs' Unruh Act claims:

> Defendants move to dismiss Chattopadhyay's Unruh Act claim on grounds that the alleged discrimination is not arbitrary or invidious because it is based on the Bank Secrecy Act's assessment that "non-citizens can pose a higher risk than citizens." ECF No. 19 at 25. "Not only is it reasonable for Defendants to take all possible precautions to protect the health and safety of the nation," Defendants argue, "but it is also reasonable for Defendants to ensure they will not face the severe penalties available under the Bank Secrecy Act if their AML [Anti-Money Laundering]/CIP policies are found to be inadequate." *Id.* at 24.
>
> Defendants' argument might be persuasive if the Court agreed that the Bank Secrecy Act required a ban on opening bank accounts for resident non-citizens with Social Security numbers, or allowed a financial institution to adopt such a ban notwithstanding federal antidiscrimination provisions. However, as discussed above, the Court does not reach this conclusion. It therefore also does not find dismissal of Chattopadhyay's Unruh Act claim to be appropriate. At this stage of the proceedings, Defendants have not persuaded the Court that distinguishing between citizens and resident non-citizens

2

who have Social Security numbers, by barring the latter group from applying to open bank accounts, is reasonable and non-arbitrary.

*Id.* at 12.

BBVA argues that the Court made these rulings when considering an online-only bank, and that BBVA, which has physical branches, denies only the right to open a bank account online, not the right to open a bank account at all. *See, e.g.*, ECF No. 87 at 28 ("Section 1981's requirement [of non-discrimination] is given effect because absolutely no one is being denied the right to make a contract on the basis of citizenship. BBVA undisputedly allows non-citizens to open bank accounts – to contract – they just have to perform the application step in person."). This argument is foreclosed by the Ninth Circuit's conclusions that "Section 1981 and the Unruh Act protect Plaintiffs' right to contract free of citizenship discrimination, which includes making contracts on the same terms offered to U.S. citizens," and that Plaintiffs' alleged injury is "that BBVA imposes on non-U.S. citizens a requirement to apply in person that it does not impose on others." ECF No. 113 at 3-4.

Finally, BBVA does not contest that "a plaintiff who alleges a policy that is discriminatory *on its face* is not required to make any further allegations of discriminatory intent or animus" to state a claim under Section 1981. *Juarez v. Nw. Mut. Life Ins. Co.*, 69 F. Supp. 3d 364, 370 (S.D.N.Y. 2014) (emphasis in original). While BBVA argues that its policy is not facially discriminatory, the Court disagrees. "A facially discriminatory policy is one which on its face applies less favorably to a protected group." *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1048 (9th Cir. 2007) (citation omitted). As alleged in the complaint, non-U.S. citizens were told, "You must be a U.S. Citizen to apply for a Free Checking online [sic]. However, you may apply at a branch." ECF No. 86 ¶¶ 16, 18. This clearly describes a facially discriminatory policy.

Plaintiffs have adequately pleaded claims for discrimination under 42 U.S.C. § 1981 and the Unruh Act. The Court therefore denies PNC/BBVA's motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 4, 2022



_____
JON S. TIGAR
United States District Judge

3